DANIEL B. HATCH et al., Respondents, *v.* THE CENTRAL
NATIONAL BANK, Appellant.

After the satisfaction of a judgment in favor of plaintiff it is within the
discretion of the court to vacate it and to amend the complaint by
adding new causes of action, although by so doing the statute of limita-
tions is avoided.

An order, therefore, granting such relief is not reviewable here.

78   487
112   332

(Argued October 14, 1879 ; decided November 11, 1879.)

APPEAL from order of General Term of the Supreme
Court, in the first judicial department, modifying and affirm-
ing as modified an order of Special Term.

The Special Term order, granted on plaintiffs' motion,
directed that a judgment herein in favor of plaintiffs be
opened and the record thereof canceled, and that plaintiffs
be allowed to serve an amended complaint, setting up an
additional cause of action, on condition that plaintiff refund
and repay the amount of said judgment, which had been
paid and satisfied by defendant; with certain other conditions
and provisions. The order of General Term modified this
order by adding another condition, in substance, that plain-
tiffs give a bond conditioned, that if defendant be obliged
to pay the claims set up by the amendment and is defeated
in an action brought by it to collect of its principals, then
that plaintiffs refund, etc.

The summons asked for a recovery of $8,000 and interest.
The original complaint alleged, in substance, that plaintiffs,
on September 28, 1867, purchased of defendant what pur-
ported to be four United States treasury notes of $1,000 each,
which were counterfeits. Plaintiffs obtained judgment for
the amount paid, with interest, August 5, 1876, which judg-
ment was paid August seventh. The amendment allowed
was to add a count setting forth the purchase of four other
similar counterfeit notes on September 25, 1867, which it
was claimed were omitted from the original complaint

through mistake. The order granting the motion was made February 5, 1879.

*John E. Burrill*, for appellant. The motion was barred by the statute of limitations. (Code of Civil Procedure, §§ 724, 1282–1290; *Montgomery* v. *Ellis*, 6 How., 327.) The judgment rendered on the trial was an adjudication of the rights of the parties, and in the absence of any charge of fraud against the defendant, the court had no power to deprive it of the benefit of such judgment, merely to relieve the plaintiffs from their own negligence. (*Platner* v. *Best*, 11 J. R., 530; *Ross* v. *Wood*, 70 N. Y., 10; *Foster* v. *Wood*, 6 J. Chy., 87.) The court had no power to grant the order. (Code, § 723; [Old Code, § 173] ; *Ford* v. *Ford*, 53 Barb., 528; *Humphrey* v. *Chamberlain*, 11 N. Y., 274; *Wait* v. *Van Allen*, 22 id., 319; *N. Y. Ice Co.* v. *Northwestern Co.*, 32 Barb., 534; *McLean* v. *Stewart*, 14 Hun, 474; 2 Dan. Ch. Pr. [4th ed.], 1475; 1 Barb. Ch. Pr., 352–354; *Thompson* v. *Goulding*, ₄ Allen, 81; *Dale* v. *Roosevelt*, 6 J. Chy., 255; 2 Dan. Chy. Pr., 1576; 1 Barb. Chy. Pr., 457; 2 id., 92; *Wiser* v. *Blackly*, 2 J. Chy., 478.) The order is appealable on its merits (irrespective of the question of power to make it) under subd. 3, § 190 of the Code, and this court has a right to determine whether the order was right under the circumstances. (*Fredericks* v. *Taylor*, 52 N. Y., 596; *Howell* v. *Mills*, 53 id., 323; see also subd. 2 of § 190, and § 1324.)

*William Stanley*, for respondents. The order of the General Term is not appealable. It did not affect a substantial right. (*Bolles* v. *Duff*, 42 N. Y., 256; *Sherman* v. *Felt*, 2 Comst., 186; *Bk. of Genesee* v. *Spencer*, 18 N. Y., 150; *De Barante* v. *Deyermand*, 44 id., 357; *Staiger* v. *Schultz*, 3 Keyes, 614.) It was not a final order. (*Humphrey* v. *Chamberlain*, 1 Kern., 274; *Crane* v. *Stiger*, 58 N. Y., 625; *Depew* v. *Dewey*, 56 id., 657.) No appeal lies to the Court of Appeals, even if the Special Term had no

power to make the order, and if the General Term decided erroneously. (*Humphrey* v. *Chamberlain*, 1 Kern., 274; *N. Y. Ice Co.* v. *N. W. Ins. Co.*, 23 N. Y., 357.) The Supreme Court had power to make the order appealed from. (Code, § 217; *N. Y. Ice Co.* v. *N. W. Ins. Co.*, 23 N. Y., 357; *Crane* v. *Stiger*, 58 id., 625; *Depew* v. *Dewey*, 56 id., 657.) The words "error in fact," in section 1290 of the New Code, are not applicable to a case like the present. That motion relates only to such errors of fact as might be assigned as such on writ of error under the old practice. (*Adsit* v. *Williams*, 7 How., 68.) The words "error in fact," in sections 1290 and 1283, mean the same as those words in section 366 of the Old Code. (*Adsit* v. *Williams*, 7 How., 68; *Bigelow* v. *Sanders*, 22 Barb., 149; *Kason* v. *Mills*, 8 How., 379; *Balsom* v. *Woodruff*, 7 Barb., 13.)

DANFORTH, J. The plaintiffs recovered judgment, and it was satisfied. They sought by motion to vacate the judgment, and amend the complaint by adding new causes of action. Leave was granted upon terms. So far as the causes of action were stated in the complaint they were merged in the judgment; the judgment was paid and satisfied. There was no longer a judgment, and the parties were out of court. It is urged by the appellant's counsel that the court had no power to allow the amendment, and the plaintiffs' counsel contends that it was a matter within its discretion. It was going a great way to grant the relief sought; but the application was not without merit, and was one which under a long series of authorities the court had power to grant. If so the order is not appealable. (*Lawrence* v. *Farley*, 73 N. Y., 187.) In the case of *Minthorne* (19 J. R., 244), after judgment and satisfaction both were opened to allow an amendment by adding to the recovery. It was made necessary by the omissions of the clerk in assessing damages. So in *Crookes* v. *Maxwell* (6 Blatchf., 468), the court on motion of the plaintiff made in 1867, opened a judgment recovered in 1862, and then paid and satisfied of

record, in order to permit errors in the assessment of damages to be corrected, and this was done, although after the judgment of 1862, a new suit had been commenced for the recovery of the sums so omitted, and the plaintiff defeated because of the statute of limitations.

In *Deane* v. *O'Brien* (13 Abb. Pr. R., 11), the plaintiff was allowed to amend by enlarging his cause of action, although he thus avoided the statute of limitations, and "it might affect third parties." These (and there are many other) cases show the power of the court over its own judgments, and its habit to exercise it in aid of justice. It is an inherent power and not limited in matters of substance by the sections of the Code (section 174 of old Code, section 724 of the new Code), and others referred to by the learned counsel for the appellant, while section 723 seems to authorize its exercise in furtherance of justice.

In the case before us the summons claimed an amount corresponding to the sum of all the notes while the complaint was for part only. The suit was commenced when the summons was served, and therefore no question arises here as to the statute of limitations; but even if it did, the precedents are numerous where amendments have been allowed so as to prevent its operation. *Balcom* v. *Woodruff* (7 Barb., 13), where after nonsuit an amendment was allowed *nunc pro tunc*, and in *New York Ice Co.* v. *Northwestern Ins. Co.* (23 N. Y., 357), the judgment was amended by giving leave to serve a new complaint, in place of dismissal without prejudice. The order in this case may go a little further, but it is in the same direction.

The appeal should therefore be dismissed, but without costs.

All concur.

Appeal dismissed.