JOHN W. GREENE, as Administrator, etc., Appellant, *v.* JOHN MARTINE and Others, Respondents.

*Revival of action — the devisees of a deceased debtor cannot be joined, in an action to recover the debt, with the personal representatives of the deceased.*

This action was brought to recover a debt owing by one Theodore Martine. Martine having died, the action was revived and continued against the executors and trustees named in his will. Subsequently the plaintiff, fearing that the personal estate might prove insufficient to pay any judgment that might be recovered, applied to have the action extended by having the devisees made parties defendant to it.

*Held,* that the application was properly denied, as, if granted, it would in effect authorize the joinder of two distinct and divisible causes of action.

That the fact that the statute of limitations might prove to be a defense to a separate action brought against the devisees did not affect the propriety of the denial of such a motion.

APPEAL from an order made at Special Term denying a motion made for leave to revive and extend this action, so as to make the devisees of Theodore Martine, deceased, defendants therein.

*G. Tillotson*, for the appellant.

*Chas. A. Jackson*, for the respondents.

DANIELS, J.:

The action was prosecuted for the recovery of a debt owing by Theodore Martine. Before its completion he died, leaving a will appointing John Martine and others his executors and trustees. It was afterwards revived, by an action brought for that purpose, by making them defendants in the suit for the recovery of the debt; and upon the expectation that the personal estate must prove insufficient to pay it in case of its recovery, an application has been made further to revive and extend the action by making themselves and the other devisees, as devisees, defendants in it. If such an application could be made successful, the effect of it would be to join what the law has made the subjects of two actions, in one. For the case would then proceed against the personal representatives for the recovery of the debt, and at the same time against the devisees

to charge them with its payment, so far as they might be proven to be liable, because of the acquisition by them of the property of the testator under his will. This, in effect, would be to join two distinct and divisible grounds of action, one of which would affect only a portion of the defendants in the suit, and no provision has been found, either in the Code or in any of the former rules of practice, sanctioning an order directing such rights of action to be so joined in one proceeding. The form of the statute, as well as the usual course of legal proceedings, contemplate a separate and distinct action for the purpose of attaining these different ends.

One is adapted to the recovery of the debt from the personal representatives; the other is an action to charge the devisees with its payment, because of the property received by them under the will of the debtor. The scope and object of each is separate and distinct, and each is to be established by different measures of proof. The first may be made out by proving the legal existence of the debt itself; but the second can only be maintained when it shall be made to appear that the personal assets of the testator and his real estate descended to his heirs, are insufficient to discharge the debt, or that in proceedings before the surrogate, and at law, the creditor has been unable to recover it. (3. R. S. [6th ed.], 738, § 56.) A unity of such rights of action in the same legal proceeding would appear to be so anomalous and incongruous as to be a sufficient answer to such an application.

The ground upon which the effort has chiefly been made to sustain the application is the apprehension that the statute of limitations may prove to be a defense to a separate action brought against the devisees. Whether such a defense might successfully be made by them, where no untimely delay should be allowed to intervene, after the determination of the action against the personal representatives, before the commencement of an action against the devisees, it is not necessary now to determine. But if it shall be assumed that they could in that case avail themselves of the statute of limitations as a defense, they probably could not be deprived of it by making them, as devisees, defendants in this action.

To the present time these devisees, as such, have neither of them been parties to this litigation. And if they have acquired a vested right under the statute to defeat the statutory action against them,

the court would hardly have the power to divest and deprive them of that right. In this respect the application differs from those which were allowed to prove successful in *Deane* v. *O'Brien* (13 Abb., 11), and *Hatch* v. *Central National Bank* (78 N. Y., 487). For in both those cases, the parties against whom the amendments were allowed were defendants in the actions in the same character, both before and after the amendments, and the claims allowed to be added were of the same nature as those upon which the actions had previously been prosecuted; while in this case they are distinct and separate in their legal character. The order which was made appears to have been right, and it should be affirmed, with the usual costs and disbursements.

BRADY, P. J., concurred.

Present — BRADY, P. J., and DANIELS, J.

Order affirmed, with ten dollars costs and disbursements.