DETERMINED IN THE

# FOURTH DEPARTMENT,

AT

# GENERAL TERM,

## January, 1886.

JEREMIAH EIGHMIE, Respondent, v. EDGAR B. TAYLOR, as Administrator, etc., of JAMES COLLINGWOOD, Deceased, Appellant.

*Power of the court to allow amendments to pleadings—when an action may be changed from contract to tort—amendment not disallowed because the claim is barred at the time the motion is made.*

In this action, brought by the plaintiff to recover damages for a breach of an oral warranty given by the defendant's intestate, upon the sale of certain oil wells and fixtures to the plaintiff, a verdict recovered by the plaintiff was set aside by the Court of Appeals, upon the ground that as the sale of the wells and fixtures was evidenced by a written instrument, it was error to admit proof showing a parol warranty. Thereafter the plaintiff moved for leave to amend his complaint by alleging that at the time of making the statements and representations set forth in the complaint, the intestate knew that each and every one of them was false and untrue, and that each and every one of them was made by him with intent to induce the plaintiff to purchase the said property and with intent to defraud the plaintiff thereby.

*Held,* that the court had power to allow the amendment to be made, and that an order permitting this to be done should be affirmed.

That the fact that the statute of limitations had run against the plaintiff's claim at the time the motion was made, did not prevent the court from allowing it, as it was not barred at the time the action was commenced.

APPEAL from an order made at the Delaware County Special Term, allowing an amendment to be made to the complaint.

This action was brought in 1880 to recover damages for a breach

of a verbal warranty or guaranty made by defendant's intestate upon a sale to plaintiff of two oil wells and fixtures, situate at Tidioute, Warren county, Pennsylvania. The defendant by answer denied the making of the verbal warranty.

The case was first tried at the Delaware June Circuit of 1881, before Mr. Justice FOLLETT and a jury. The defendant attempted to put the case over, and failing declined to appear, and the case was tried as an inquest, and a verdict was recovered by the plaintiff for about $6,400.

Afterwards the defendant moved to set aside the judgment and for a new trial, and upon the hearing so excused his default that the motion was granted.

The action was again tried at the Delaware February Circuit of 1883, before Mr. Justice MURRAY and a jury, and a verdict was recovered by the plaintiff for $13,000. The court on each trial holding that plaintiff could recover upon proof of the parol warranty made at the time of the sale. From the judgment entered on this verdict, the defendant appealed to this General Term, which affirmed the judgment, holding that plaintiff could recover upon the parol warranty. The defendant then appealed to the Court of Appeals. The cause was argued in February, 1885, and that court reversed the judgment at the circuit, and of the General Term, and granted a new trial, holding that proof of a parol warranty was not admissible to support a recovery in this action.

After entry of judgment upon the remittitur, the plaintiff moved upon all the papers and proceedings in the case, and upon the affidavit of M. W. Marvin and a copy of the proposed amended complaint for leave to amend the complaint by setting up the allegation "that at the time of making all the statements and representations hereinbefore in this complaint set forth, the said Collingwood knew that all of said statements and representations were, and each and every one of them were false and untrue; and plaintiff alleges that such statements and representations were all and each and every one of them made by said Collingwood with intent to induce plaintiff to purchase said property, and with the intent to defraud plaintiff thereby."

The motion was heard at a Special Term at Delhi, commencing June 30, 1885, and an order entered allowing plaintiff to make the

amendment asked on payment of defendant's taxable costs of the Circuit, General Term and Court of Appeals.

*Thompson, Weeks & Lown,* for the appellant.

*Marvin, Marvin & Sewall,* for the respondent.

HARDIN, P. J.:

Section 723 of the Code of Civil Procedure provides that the court may upon the trial, or at any other stage of the action, * * * in furtherance of justice and on such terms as it deems just, amend any process, pleading or other proceeding, by adding or striking out the name of a person as a *party,* . * * * or by inserting an allegation material to the case.

Here we find the power to authorize the amendment allowed at Special Term. The power is not limited, as in the case in which pleadings are conformed to the proof already given. In that case a change of the claim or defense may not be made. (*Chapin* v. *Dobson,* 78 N. Y., 74; *Southwick* v. *Bank of Memphis,* 84 id., 420.)

Nor is the application for leave to amend embarrassed by any effort to unite improperly different causes of action not belonging to the same class, but it is proposed to abandon the cause of action upon contract and substitute one in place thereof, in fraud. Such an amendment seems to be sanctioned by the case of *Brown* v. *Leigh,* 49 N. Y., 78; S. C., 12 Abb. Pr. [N. S.], 193, note; see, also, Pom. Rem. and Rem. Rights, § 566.)

This case does not fall within the rule that a plaintiff, after having affirmed a contract and sued for damages under it, cannot afterward rescind the contract, sue in tort and recover damages upon the theory of its disaffirmance. The amended complaint does not ask to rescind the contract, but seeks to recover damages upon the theory that the defendant fraudulently induced the plaintiff to enter into it, and the original and amended complaints are not inconsistent. (*Bowen* v. *Manderville,* 95 N. Y., 237.)

The power to grant the amendment in question is conferred upon the court by the section to which we have referred; besides courts have general powers over proceedings and pleadings when there is no statutory or other express limitations. (*Hatch* v. *Central National Bank,* 78 N. Y., 490.) When this action was brought

the claim was not barred by the statute of limitations. Then the court obtained jurisdiction of the person of the defendant, and we are of the opinion that the fact that the statute had run against the claim at the time the motion was made for leave to amend, furnishes no reason why the motion should not have been allowed to prevail. (*Hatch* v. *National Bank, supra.*)

The case of *Quimby* v. *Claflin* (27 Hun, 611) is unlike the one before us; that was where the party sought to bring in an additional cause of action arising out of independent matters. Here the plaintiff seeks to present only the same matters already before the court, with such averments as to the scienter as are pointed out in the added allegation. We are of the opinion that the Special Term had power to authorize the amendment. The case of *Ross* v. *Mather* (51 N. Y., 108) is not an authority aiding the defendant. There it was held that in an action in fraud a recovery cannot be had in contract. Plaintiff seeks an amendment here because it appears that he has no action for a breach of warranty, and he therefore seeks the opportunity to try the question of fraud.

*Barnes* v. *Quigley* (59 N. Y., 265) simply holds that upon a complaint for fraud a recovery in contract may not be had, and that a change of the pleadings upon the trial so as to authorize such a recovery may not be made.

The Special Term exercised its discretion upon the facts and circumstances presented to it, and we are satisfied with the direction the discretion took, and therefore sustain the order below.

The order should be affirmed, with ten dollars costs and disbursements.

FOLLETT and KENNEDY, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.