CHAUNCEY CRAMER, RESPONDENT, *v.* JOHN F. LOVEJOY, APPELLANT.

*Practice — power of the court to allow amendments to the complaint at trial — when the justice of the terms imposed by it are reviewable on appeal.*

This action was commenced in a Justice's Court upon a complaint which alleged that "one B. F. Pomeroy, on November 19, 1875, made his promissory note for one hundred dollars, payable to R. J. Lovejoy, or bearer, one year from date, and indorsed on the back by John F. Lovejoy, the defendant." The defendant, by his answer, denied the complaint and alleged that he was not notified of the presentation and non-payment of the note. A judgment in the Justices' Court, in favor of the plaintiff, was affirmed by the County Court but reversed by the General Term. At the commencement of the second trial the plaintiff was permitted, against the objection and exception of the defendant, to amend his complaint by alleging a cause of action for "one hundred dollars, money lent in August, 1876;" and also alleging that the said promissory note set out in the original complaint was left with the plaintiff by the defendant as security for the loan. The court found the facts, as alleged in the amended complaint, and ordered judgment in favor of the plaintiff for $100, with interest from August 1, 1876.

*Held*, that the court had power to allow this amendment to be made upon the trial on such terms as it should deem just.

That, as in this case, no terms whatever were imposed as a condition to the allowance of the amendment, the costs of the entire litigation, including those of the first appeal to this court, were thrown upon the defendant, which was, under the circumstances of the case, unjust to him.

That the action of the County Court in this particular was reviewable on this appeal by the General Term.

*Hand* v. *Burrows* (15 Hun, 481) followed; *Reilly* v. *President, etc.* (5 Eastern R., 706) distinguished.

That the judgment should be reversed, with costs of the appeal, unless the plaintiff should stipulate that the judgment be modified by striking therefrom all costs and disbursements allowed to the plaintiff from the time of the service of defendant's answer to the original complaint to the time of the amendment, and by allowing to the defendant his costs and disbursements accruing during that period, such costs to be set off against the plaintiff's damages and costs, and judgment to be entered in favor of the party entitled to the excess.

APPEAL from a judgment of the Cayuga County Court in favor of the plaintiff, entered on the decision of the court upon a trial before the court without a jury.

*Jacob B. Decker*, for the appellant.

*H. V. Howland*, for the respondent.

SMITH, P. J.:

This action was commenced in a Justice's Court. The complaint was as follows: "The plaintiff complains of the defendant, and alleges that one B. F. Pomeroy, on the 19th day of November, 1875, made his promissory note for one hundred dollars, payable to R. J. Lovejoy, or bearer, one year from date, and indorsed on the back by John F. Lovejoy, the defendant." The defendant's answer denied the complaint, and alleged that he was not notified of the presentation and non-payment of the note. The cause was tried in the Justices' Court, and judgment was rendered against the defendant for the amount of the note. The defendant appealed to the County Court, where the cause was tried before a jury, upon the pleadings interposed in the Justices' Court, and the plaintiff recovered a verdict for the amount of the note, upon which judgment was entered, from which the defendant appealed to this court. The judgment was reversed and a new trial ordered in the County Court. The cause was again tried in that court without a jury. At the commencement of the second trial the plaintiff was permitted, against the objection and exception of the defendant, to amend his complaint by alleging a cause of action for $100, money lent in August, 1876, and also alleging that the said promissory note, set out in the original complaint, was left with the plaintiff by the defendant as security for the loan. The court found the facts as alleged in the amended complaint, and ordered judgment in favor of the plaintiff for $100, with interest from the last day of August, 1876. From that judgment this appeal is taken.

The principal question relates to the propriety of the amendment. We do not think the power of the court to allow the amendment, at the trial, can be successfully questioned. The power of the County Court in that respect is as broad as is the power of this court. It is an inherent power, which has often been exercised to the extent of amending the complaint by adding new causes of action, although by so doing the statute of limitations is avoided, as is said to be the case here. (*Hatch* v. *The Central National Bank*, 78 N. Y., 487.) Its exercise in furtherance of justice is authorized by section 723 of the present Code, the only limitations thereby prescribed being that when the amendment is effected by conforming the pleading to the facts proved, no substantial change of the claim or defense is per-

mitted, and in all cases the amendment must be on such terms as the court deems just.

The serious question in this case arises upon the latter limitation. No terms whatever were imposed as a condition of the amendment, and the consequence is that the costs of the entire litigation, including those of the first appeal to this court, in which the defendant was successful, are thrown upon him. This seems unjust, and the injustice is the more apparent when we consider the nature of the issue upon which the litigation turned from the commencement of the action up to the termination of that appeal. The only claim for which the plaintiff contended up to that time was that the defendant had waived notice of protest and was liable as indorser, and upon that issue the defendant had ultimately succeeded. That being the case, we think that in the exercise of a just discretion the plaintiff should have been required to pay the defendant's costs from the time of serving his answer to the original complaint, as a condition of the amendment, since the defendant had succeeded upon the issue thereby tendered, and the present recovery is solely upon the cause of action introduced by the amendment.

It is suggested by the respondent's counsel that the original complaint was defective, and presented no cause of action and, therefore, an amendment was necessary. But the plaintiff had gone to trial upon it in two courts, without asking to be permitted to amend, and under it he had recovered of the defendant as the indorser of the note set out in the complaint. Had the amendment simply permitted him to perfect his cause of action upon the indorsement by alleging notice or waiver, the case would have been very different, in respect to the terms of the amendment.

Again, it is suggested by the respondent's counsel that the testimony given on the part of the plaintiff was substantially the same as that given on the last trial. It is true that the testimony given on each trial related to the same interviews and conversations between the parties, but the version given by the plaintiff and his witnesses on the first trial tended to show that the plaintiff's right of action was upon the note, while upon the second trial the transaction was made to appear as a loan, for which the note was a mere collateral security. On the first trial the claim and the recovery were for the amount of the note, with interest upon it from its

date, the 19th of November, 1875. On the second trial the claim and recovery were limited to the sum alleged to have been loaned, with interest from the time of the loan, about nine months subse-, quent to the date of the note.

We think the action of the County Court in this particular is reviewable here. An appeal lies to this court from an order of the County Court affecting a substantial right. (Code Civil Pro., § 1342.) On the same ground an appeal lies to the General Term from an order of the Special Term. (Sec. 1347, sub. 4.) Such an order has been held to be appealable, though resting in discretion. (*Hand* v. *Burrows*, 15 Hun, 481.) In that respect the appellate jurisdiction of this court differs from that of the Court of Appeals, which is limited to an order affecting a substantial right and not resting in discretion. (Code Civil Pro., § 190, sub. 2.) The case of *Hand* v. *Burrows* (*supra*) is an authority for saying that a question of terms is reviewable by the General Term when it affects a substantial right. Here the defendant had been awarded the costs of his appeal to the General Term "to abide the event." The "event" contemplated was the event of the issue involved in the appeal to the General Term, and upon that issue the defendant finally succeeded, the plaintiff having abandoned and virtually discontinued the action, so far as that issue was concerned, after the decision of the General Term. As the order of the County Court granting the amendment unconditionally deprived the defendant of those costs it affects a substantial right. The case of *Reilly* v. *President, etc.* (5 Eastern R., 706), which holds that the Supreme Court at General Term has no power to reverse the judgment of a County Court, on the ground of excessive damages, does not stand in the way of this appeal. That case proceeds upon the well-established rule that upon an appeal from a judgment of an inferior court under the Code, as upon a writ of error under the old practice, only errors of the court, and not errors of the jury, can be reviewed. It was properly held that section 1342 of the Code did not apply to the case because the appeal was not from the order. The remark contained in the last paragraph of the opinion as to what would have been the effect if the appeal had been from an order was *obiter ;* but even regarding it as an authoritative adjudication it does not relate to an order which, as in this case, deprives a

party of a fixed right. The result is that the judgment should be reversed, with costs of this appeal to the defendant, unless the plaintiff will stipulate that the judgment be modified by striking out all costs and disbursements allowed to the plaintiff from the time of the service of the defendant's answer to the original complaint to the time of the amendment of the complaint, and by allowing to the defendant his costs and disbursements accrued during that period, such costs to be set off against the plaintiff's damages and costs, and the party entitled to the excess to have judgment therefor, in which case the judgment is to be modified accordingly, and as so modified affirmed, without costs of this appeal to either party.

The direction for a reversal (in case the plaintiff does not stipulate to modify, etc.), without granting a new trial, is made at the suggestion of the plaintiff's counsel to enable him to sue again, if so advised, under section 405 of the Code of Civil Procedure.

BARKER, HAIGHT and BRADLEY, JJ., concurred in result.

So ordered.