Bocees, J.
The power of the court here exercised, allowing the amendment of the pleading asked for, even after judgment, cannot, as we think, be well doubted. It seems fully conferred by section 723 of the Code of Civil Procedure, which provides, among other things, that the court may at any stage of the action, 11 before or after judgment, * * * amend any process or pleading * * * by correcting a mistake in any respect or by inserting an allegation material to the case.” It seems sufficient that the proposed amendment be material to the rights of the parties or to the right of either of them, as such right or rights are made to appear to the court on the facts laid before it on the application to amend, and that it be in furtherance of justice. The question of poiver seems put at rest by tlie decision in Hatch v. Central Nat. Bank (78 N. Y., 487), and it has also been frequently exercised in cases like the present, after judgment. As a question of power merely it is not arbitrarily limited by the recovery and entry of judgment, but it may be exercised after judgment as well as before judgment in furtherance of justice. Undoubtedly great caution should be observed in the former class of cases, to the end that there should be no abuse of power. But if a party has rested in excusable misapprehension, or has been misled intentionally or unintentionally, or has mistakenly acquiesced in a supposed state of pleading that was subsequently found not to exist, because of which a right was imperiled or lost, a case might be made having-sound basis for relief on the ground that the granting of it1 would be in furtherance of justice. So the power in a case like the present—and indeed in all other cases— should be exercised only in furtherance of justice, and on such terms as should be deemed just in view of the facts of the particular case. The question, therefore, as to the allowing of amendments is one of sound discretion; and this brings us to consider the facts here presented to the special term as the basis of the application.
The affidavit of Mr. Harris and of Mr. Young, the attorney and counsel who conducted the defense, are very distinct and emphatic to the effect that they supposed the statute of limitations had been pleaded; that the case was tried before the referee upon the hypothesis that the statute • was available under the pleadings as matter of defense, the same as if pleaded, and that it was so there treated by the counsel of both parties and by the referee; that if the *777 objection that the statute was not pleaded had then been interposed, or attention had been called to the omission, steps would have been taken to procure the needful amendment to obviate such objection; and further, that the fact that the statute had not been pleaded was first brought to their notice by the suggestion to that effect made by the referee on rendering his decision. Some circumstances of excuse for the omission to notice the defect in the pleading until the referee gave his decision were also given, being principally those arising from the alleged facts above alluded to, because of which the affiants were misled or rested on misapprehension. The statements of facts above referred to are, directly or inferentially, met, at least to a very considerable extent, by the answering affidavit of Judge Parker; their denial, however, not being quite as direct and distinct as are the affirmative averments. It is, however, therein stated that reliance was put throughout on the failure of the defendant to plead the statute, and that the counsel did not by word or deed intimate anything to the contrary, or waive any right on the pleadings or issues in the case; and that one of the points on his brief on which the case was argued and submitted to the referee was that the statute was not pleaded. It is insisted, as to this last suggestion, that the defendant’s counsel had no knowledge of this point in the plaintiff’s brief, having been submitted to the referee after argument; and this seems probable if full credit, or indeed any credit, is given to the material averments contained in the moving affidavits. But there is one important statement made on the papers, which we think, when considered with other undisputed and probable facts, of controlling significance. Mr-. Harris says that “when the said objection (the objection to a recovery because of the statute) was urged on the motion for a nonsuit, the referee stated that he would consider it when he came to consider the whole case.” t Mr. Young says “that thereupon the question as to whether said statute was applicable was discussed by counsel on both sides; and the referee overruled defendant’s objection, and said he would consider the question as to whether or not the statute was applicable, as plaintiff claimed the several acts complained of were one continuous act, before deciding the case.” This remark and promise of the referee, sworn to by both Mr. Harris and Mr. Young, seem clearly to imply an understanding that the question as to the applicability of the statute to the case was open to him as if well pleaded; and it may be here noted that it is undisputed that a question as to the applicability of the statute to the case was held open for consideration and decision by the referee.
*778 It is so stated in the answering affidavit, where it is said: “The question made by the defendant was one purely of law, and arose on the plaintiff’s evidence, and when the question was raised its decision was reserved by the referee till the final disposition of the case.” The reservation by the referee here referred to, as is urged by the plaintiff’s counsel, was as to whether the statute was or was not applicable without pleading it. But if the moving affidavits are to be credited, it was not so understood by the defendant’s counsel and attorney. As they understood it, according to their statement, the question was reserved as if unembarrassed by any omission in the pleading. To hold against them in this respect would be simply to discredit their direct and positive averments, which result is not here a necessary consequence on the awarding of entire credit and force to the answering affidavit; for in this view the case would be one of mistake or misapprehension as to the real point agreed to be reserved for decision by the referee. That the question as to the applicability of the statute to the case was reserved for ultimate disposition by the referee, is manifest from the papers submitted, indeed, is not disputed. That such question, as it was understood by the defendant’s counsel and attorn* y, was to be considered by that officer as if well pleaded, is distinctly asserted in the moving papers; and that the fact was otherwise, and was otherwise understood by them, is not, as we think, made sufficiently plain and certain to cast discredit upon and overthrow those positive assertions.
Our conclusion is that the referee held the case for ultimate disposition, or was to so hold it, as understood by defendant’s counsel and attorney, on the hypothesis that the objection to a recovery because of the statute was open to him on the facts and the law applicable to them, the same as if the statute had been pleaded. If this be so, then the rejection of;this defense by the referee on the ground that it was not interposed by answer, was undoubtedly a surprise to the defendant’s counsel, growing out of mistake or misapprehension, under circumstances affording reasonable and just ground for relief. In this view of the case—and we think this is the correct view to be taken of it—the defendant in justice and right is entitled to a rehearing before the referee; and this on a state of pleading which will afford to it the benefit of the defense of which it was deprived through a misapprehension of the question believed to have been reserved for decision by that officer; and it is, as we think, but in furtherance of justice to put the parties now in the same position held by them when this misunderstanding occurred, unembarrassed by any question of pleading.
*779 As to the subject of diligence in making the motion, it would have been better practice on the part of the defendant had the motion been made at once when its necessity was made known on delivery of the referee’s report, and before judgment and appeal to the general term; but the delay, in point of time, has not been great, nor does it appear that the plaintiff has suffered injury because of it not answered by the conditions imposed by the order.
Order affirmed, with ten dollars costs and disbursements for printing.
Learned, P. J., and Landon, J., concur.