Hatch, J.
The point now made is, that the amendment seeks to bring in a new cause of action, which is barred by the Statute of Limitations. It is not contended, but that if the action were commenced on the day of the application to amend, it would be barred by the statute. Code Civil Procedure, § 382, subdivision 5.
I am not prepared to adopt the proposition that the amendment here asked for, brings in, de nova, a fresh, cause of action. The plaintiff in his original complaint stated: “That it was the duty of the defendant to supply the said plaintiff with suitable and safe appliances for the conduct of the business in its ordinary run, and for any extraordinary occasions that might be reasonably anticipated, and to keep the same in repair. That yet the defendant, not regarding its duty in that regard, so negligently, carelessly ana unskillfully, conducted the said business, that it failed to supply the said plaintiff with suitable and safe appliances in the conduct of said business, and failed to keep the same in repair, as was proper and necessary to do to secure the safety of said plaintiff, of which the said plaintiff was ignorant; but of which the said defendant had due and timely notice. That the said defendant was negligent and careless in that behalf as alleged, in this, that while on the day and place aforesaid, *3 the plaintiff was engaged in the discharge of his duties as engineer, the defendant failed to furnish a safe and proper locomotive engine, with which to do said work; but that the said locomotive was out of repair, defective, insecure and dangerous to persons upon it.”
It will be noticed that these allegations do not, in terms, limit the complaint to a defective locomotive; there is connected with it, the broader allegation, of a failure to furnish suitable and safe appliances.
It may be that the pleader had in mind, as argued, that such allegation is limited to the physical structure of the engine; there is no reason, however, for putting this limited interpretation upon it. Its larger signification embraces everything necessary and suitable in the management of an engine. Fuel is as much of an appliance, necessary in running an engine, as is the receptacle into which it is placed for the purpose of generating steam. It is the thing applied upon the engine; without it the machine is dead. It is no strained construction which holds that the thing which produces life in the machine is an appliance of it, and a very necessary one.
Fire, fuel, oil and water, while not component parts of the engine, are, nevertheless, appliances to its operation, without which it is useless. Assuming, however, that the allegation is limited to the defective locomotive per se, I still think the rule the same.
One of the questions litigated upon the trial was whether the netting in the smoke stack was suitable or not. The evidence tended to show that the netting was proper or improper, depending upon the character of the coal used. With poor coal it was too fine of mesh; with good coal it could be used without difficulty. Thus it comes to the question, was the engine a safe and proper locomotive engine, under all the circumstances.
If, by reason of the fineness of the mesh, it did not allow the gas to escape, then the proximate cause of the explosion was the defective engine. I agree with the learned judge at special term that “on the amended complaint proof will be necessary as to the construction and adaptation of the engine.”
Under the test' proposed by the learned counsel for appellant, his contention cannot be upheld; there can be but one recovery for an injury, and where the allegations relate to and embrace the appliances, as well as defect, in the structure, and a recovery is had, either upon the one or the other, or both combined, it hardly needs argument to prove that such recovery would be a bar to a second action for the same injury based upon othei causes The converse is equally true The ruling of the general term was tech *4 nicol, and, while not disputing its correctness, it should not be allowed to stand in the way of allowing an amendment which justice plainly requires.
If, however, we assume that by the amendment a new cause of action will be brought in, it furnishes no insuperable objection against granting it, even though it precludes the party from availing himself of the bar, created by the statute of limitations. Hatch v. The Central Nat. Bank, 78 N. Y., 487; Eighmie v. Taylor, 39 Hun, 366; Davis Sewing Machine Co. v Tozer, 23 Hun, 530.
The order of the court below in granting the amendment and imposing conditions, rested clearly in its discretion, in the view here taken of the character of the amendment, and no new line of defense, different from that already made, will be required. I see no reason for disagreeing with the condition imposed in the order. Marsh v. McNair, 50 Hun, 216.
The order appealed from should be affirmed, with ten dollars costs and disbursements.
Titus, «L, concurs; Beckwith, 0. J., not sitting.