Truax, J.
This motion differs from the motion in the case of Erkenbrach v. Erkenbrach, 5 Civ. Pro. Rep. 188, and 96 N. Y. 456. That was a motion for alimony made after judgment, while this is a motion for leave to modify the judgment. It is true that the judgment was entered some time ago, but it has been frequently held that a court has control over its own judgment and may modify it when cause is shown for so doing. Hatch v. Central National Bank, 78 N. Y. 487 and cases there cited. Besides, the decree in this action provided that either party may apply at the foot of the decree for further judgment. I think that opening this judgment and granting the relief asked for by the plaintiff is in the interests of justice. The motion is granted, and a reference is ordered to Stephen B. Brague, Esq., to ascertain the amount of defendant’s property and income, and to report the same to this court with his opinion as to the alimony that should be allowed plaintiff, and counsel fee that should be allowed for services rendered by the plaintiff’s attorneys after the entry of the judgment. The attorneys for the plaintiff cannot have any allowances for the services that have already been rendered by them. They are, however, entitled to an allowance for such services as they will render the plaintiff in obtaining alimony and in modifying the judgment. Beadleston v. Beadleston, 103 N. Y. 402.
*348 II. The court has no power or. jurisdiction to allow alimony in a suit for limited divorce after the entry of final judgment: § 1766 Code Civ. Pro., Sub. 2, § 1759, Code; Kamp v. Kamp, 50 N. Y. 212; Erkenbrach v. Erkenbrach, 96 N. Y. 456; Griffin v. Griffin, 47 N. Y. 134.
III. The next question is whether the court had jurisdiction or power by reason of that clause of the decree granting permission to either party to modify it. Judge Truax, in his opinion, based his right to make the order in consequence of the permission granted by this clause of the decree. The answer to the proposition is that there was no power in the court to make such a provision in the decree; hence it can have no force. The statute nowhere permits the granting of such relief; but, on the contrary, it especially provides that regard should be had to the circumstances of the respective parties, and provision should be made in the final judgment for the support of the plaintiff. We have shown that no change can subsequently be made in the alimony as fixed in the final decree, so that the only power the court possessed, being purely statutory, was, in entering final judgment, to decree the separation and to make provision for the support of the plaintiff in accordance with the circumstances of the parties. There is no provision of law which authorizes a final decree in a matrimonial action and at the same time permits the court to leave any subject whatever dependent on the happening of a subsequent event. Besides, the court can never obtain for itself a power or jurisdiction, which the statute does not give, by merely inserting a clause in a final decree providing for the exercise of such power. But aside from the question of power and jurisdiction, the statute provides that the alimony should be fixed according to the circumstances of the. respective parties at the time of the entry of the final decree. By the final decree in this action it was decided that no alimony should be granted, and in express terms *349 it was declared that the circumstances of the defendant did not warrant the granting of any alimony.
Joseph B. Reilly, attorney, and of counsel for respondent, argued:
I. The court had'full power to make the provision in the decree in this action, and the order granted was entirely proper. A decree for permanent alimony should reserve the right to make a further application in case of a change of circumstances, Lamport v. Lamport, 4 Alb. L. J. 190.
II. A judgment in an action for divorce may reserve the right for a reference to fix alimony and direct its payment. Cooledge v. Cooledge, 1 Barb. Ch. 77. After judgment alimony may be granted pending a reference to determine amount of permanent alimony. Forrest v. Forrest, 3 Bosw. 650; Forrest v. Forrest, 25 N. Y. 501. In distinguishing the case of Kamp v. Kamp, 59 N. Y. 212, the court of appeals held: “Where the action is by the wife,.....if no provision in the decree is made for her, it is to be presumed that the court decided adversely to her claim.”.....In the case at bar, a provision was made in the decree under this provision in the decree, the order appealed from was made. In the case of Kamp v. Kamp, the action was one for an absolute divorce, in which the plaintiff, if successful, was at liberty to re-marry, thereby forever relieving the defendant (if liable at all) from all liability to pay alimony. In this case the judgment was one separating the parties from bed and board, thus giving no right to the plaintiff to re-marry. Plaintiff still has a right of dower in the property he acquired after the judgment, and he is bound in law to support her. This judgment thus differs in its effect from a decree of absolute divorce.
III. A court has control over its own judgment, and may modify it when cause is shown for so doing. Hatch v. Central National Bank, 78 N. Y. 487.
*350 IV. In the case of Erkenbrach v. Erkenbrach, 96 N. Y. 456, the motion made was not to modify the judgment or to comply with any of the provisions contained in the judgment, but was an independent motion asking for additional alimony and counsel fee after the same had been fixed by the court and provided for in the decree. In the case at bar the decree did not fix any amount as alimony or counsel fee, but instead thereof it contained the provision authorizing the plaintiff, on the foot of the judgment, at any time subsequently, to ask for an order modifying the said judgment with reference to the support and maintenance of the plaintiff.
By the Court.—Sedgwick, Ch. J.
This is an action for separation, under section 1762 of the Code of Civil-Procedure. The issue was tried and a judgment of separation was entered. It did not adjudge the payment of any alimony, but contained the following clause:— “ It is further ordered and adjudged that, in the event of the pecuniary circumstances and conditions of the defendant becoming materially changed, touching his ability to support the plaintiff, an application may be made on the foot of this judgment, by any party in interest, for such modification of said judgment, touching the support of said plaintiff, or any other matter, as may be just.”
Four years after the judgment was entered, the plaintiff applied for an order modifying the judgment and directing the defendant to pay' suitable sums of money for the maintenance of the plaintiff. The court below granted the motion and ordered that “the said judgment is opened and modified and the plaintiff is allowed alimony and counsel fee, to be fixed and ascertained as hereinafter directed,” and further that a “referee be appointed to take testimony as to the property of the defendant,” etc.
The appeal is from this order, and the ground of the appeal is, that the court was without power to entertain *351 a proceeding to fix alimony, etc., after the entry of the judgment.
There is no doubt that the court has, in respect of such an action, the powers given by the statute and has no other power. Kamp v. Kamp, 59 N. Y. 212 ; Griffin v. Griffin, 47 N. Y. 134; Erkenbrach v. Erkenbrach, 96 N. Y. 456. Under these cases, the construction of § 1766 is that, in an action by the wife, the court may in the final judgment of separation, compel the defendant to provide suitably for the support of the plaintiff, having regard to the circumstances of the respective parties, as such circumstances exist at the time of the final judgment.
The question then is, was the judgment when it was entered the final judgment of separation. I think it must be said that as to the issues that concerned separation, the judgment was final.
It is answered that the proceeding after the judgment was in the nature of a carrying out of the provisions of the judgment. That proceeding, however, did not attempt to modify the adjudication as to the separation. As to that the judgment was final, and therefore the power of the court was confined as to alimony, to a determination upon the facts then existing.
In Kamp y. Kamp it was held that the court was without jurisdiction to grant alimony after final judgment, and this should be recognized whenever the question arises.
I am of opinion that the order should he reversed, with $10 costs, and the motion below should be denied, without costs.
Dugbo, J., concurred.