(7 Misc. Rep. 246.)

### GRAEF v. BERNARD.

(City Court of New York, General Term.  February 8, 1894.)

JUDGMENT—VACATING—DISCRETION OF COURT.

A motion by plaintiff to vacate a judgment in his favor is discretionary with the trial court.

Appeal from special term.

Action by Walter H. Graef against Henry O. Bernard.  From an order made on plaintiff's motion to vacate a judgment entered in his favor, defendant appeals.  Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK and FITZ-SIMONS, JJ.

E. A. Monford, for appellant.
Blumenstiele & Hirsch, for respondent.

VAN WYCK, J.  The plaintiff moved to vacate a judgment entered by him against defendant, and the record shows that the defendant, resident of this city, had made a general assignment for benefit of his creditors, but that plaintiff, finding property belonging to him in Massachusetts, commenced action there upon same cause, and attached the defendant's property there on the same day that this action was commenced.  It seems that the judgment herein would bar his recovery in the action there, and with it would, of course, fall his rights under the attachment, and hence his application to vacate his judgment here, which was granted.  The appellant cites Foote v. Lathrop, 41 N. Y. 358, as holding:  "When a judgment has once been regularly entered, no party has a legal right to demand, upon motion to the court, that it be set aside."

Although in that case the application was made by a defendant against whom the judgment was entered, still the rule there laid down is true when the application, as here, is made by a party who has entered a judgment in his own favor, for in neither case has the party a legal right to demand, but can only appeal to the sound discretion of the court for, relief. The granting of plaintiff's application to vacate his own judgment was within the power of the court, and was not an abuse of its discretionary power. The power of the court to vacate a judgment entered by plaintiff in his own favor upon his own application is undoubted. Hatch v. Bank, 78 N. Y. 487. There the plaintiff had entered judgment against the bank for $4,000, which the bank had paid, and the judgment was by plaintiff satisfied of record; and yet the plaintiff's application to vacate this judgment was granted, with leave to serve an amended complaint setting up an additional cause of action. And in Dietz v. Farish, 43 N. Y. Super. Ct. 87, the defendant's motion to vacate taxation of costs at his instance was granted, in order to enable him to move for an extra allowance, which latter motion, in that court, must be made before final costs are adjusted. The order appealed from is affirmed, with $10 costs. All concur.