Laura A. Porter, as Administratrix, etc., of James J. Porter, Deceased, Plaintiff, *v.* The City of New York, Defendant.

(Supreme Court, Queens Special Term, December, 1913.)

Amendment — motion to amend complaint — Code Civ. Pro., § 723 — employers' liability provisions of Labor Law.

> A motion to amend a complaint, after the reversal of a judgment in favor of plaintiff, so as to make competent and material evidence which the appellate court criticised as having been improperly admitted because not within the issues, should not be regarded with favor, and under section 723 of the Code of Civil Procedure should not be granted if the effect will be to substantially change the plaintiff's claim.

> Where the result of allowing an amendment to a complaint would not only effect a substantial change of claim but create a material if not fatal variance between the claim sought to be

alleged in the complaint and as stated in the notice served on defendant under the employers' liability provisions of the Labor Law, the motion to amend will be denied in the exercise of judicial discretion.

APPLICATION to amend complaint.

Martin T. Manton, for plaintiff.

Archibald R. Watson, corporation counsel (Edward S. Malone, of counsel), for defendant.

BENEDICT, J. This court has power in the furtherance of justice to allow the pleadings in an action to be amended at any stage before or after judgment (Code Civ. Pro., § 723); and the power is inherent. *Hatch v. Central National Bank*, 78 N. Y. 487. But an application made by the plaintiff to amend her complaint after an appellate court has reversed a judgment in her favor, so as to admit, as competent and material, evidence offered upon the former trial and which the appellate court has criticised as having been improperly admitted as not within the issues should not be regarded with favor, and under the provisions of section 723 it should not be granted if the effect of the amendment will be to change substantially the claim. In the present instance the result of granting leave to amend the complaint in the particulars specified would not only be to change the claim substantially, but it would also create a variance, material if not fatal, between the claim of the plaintiff as sought to be alleged and as stated in the notice served upon the defendant under the provisions of the Employers' Liability Act, and which latter notice obviously cannot now be changed or amended. This would throw the plaintiff back upon a cause of action at common law. To

grant the application at all would in justice to the defendant require the imposition of onerous terms upon the plaintiff — certainly not less than all the taxable costs of the action and of the appeal, and in case of ultimate failure such payment would only add to her troubles. As the case now stands she has the right to a new trial upon the issues which she has chosen to make and to which, like all other litigants, she should be confined. Motion denied, without costs, and in the exercise of the discretion resting in this court.

Motion denied, without costs.