PHILIP CIMPRITZ, Respondent, v. BORDEN'S FARM PRODUCTS CO., INC., and Another, Defendants, Impleaded with BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— Order vacating judgment, reinstating action and directing a new trial affirmed, with ten dollars costs and disbursements. (See *Hatch* v. *Central National Bank*, 78 N. Y. 487; *Ladd* v. *Stevenson*, 112 id. 325.) Young, Kapper, Hagarty, Carswell and Davis, JJ., concur.

ALEX CHUPA, Appellant, v. ANNA CHUPA, Respondent.— Order directing plaintiff to pay defendant the costs of the stenographic minutes, the cost of printing the case on appeal and seventy-five dollars as counsel fee affirmed, without costs. No opinion. Young, Kapper, Hagarty, Carswell and Davis, JJ., concur.

VINCENT DIMARE, Respondent, Appellant, v. GEORGE F. DRISCOLL COMPANY, Appellant, and MCCLINTIC MARSHALL CORPORATION, Defendant.— Judgment reversed on the law, with costs, and complaint dismissed, with costs, on the grounds: (1) The place from which plaintiff fell was not a place of work which the general contractor was bound to keep safe from the defects of which complaint is here made; it was under the control of plaintiff's employer. (See general rule stated by Mr. Justice Davis in *Wohlfron* v. *Brooklyn Edison Co., Inc.*, 238 App. Div. 463; affd., 263 N. Y. 547.) (2) It was not a place of work provided by defendant, appellant. (*Iacono* v. *Frank & Frank Contracting Co.*, 259 N. Y. 377.) (3) To charge defendant, appellant, with negligence under the facts in this case would require of it a measure of duty which would go beyond the bounds of what is practicable and reasonable. (*Caspersen* v. *La Sala Bros.*, 253 N. Y. 491.) The direction alleged to have been given by the superintendent of defendant, appellant, to the foreman of plaintiff, that the employees of whom the foreman had charge should proceed to do their work on the second floor was not an assumption of control by defendant, appellant, of the work to be done or the place in which it was to be done. In view of the foregoing, plaintiff's appeal is dismissed. Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur.

MARY C. EAGER, Appellant, v. NEW YORK RAPID TRANSIT CORPORATION, Respondent.— Order directing, on reargument, that plaintiff furnish defendant with bill of particulars affirmed, with ten dollars costs and disbursements; the particulars to be served within five days from the entry of the order herein. No opinion. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

JEANETTE EDIE, an Infant, by MAGDALENE ADAMS, Her Guardian ad Litem, Amended to Read JEANETTE EDIE, ELIZABETH EDIE, MARGARET HIMMELREICH, Amended to Read MARGARET HAUPTMAN and ELINOR BETTS, Amended to Read ELINOR JONES, Respondents, v. EDWARD SMITH and LAWRENCE W. HORNE, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ.