Gaudenzio Zuccelli et al., Plaintiffs, v. City Construction Co., Inc., et al., Defendants. City Construction Co., Inc., et al., Third-Party Plaintiffs-Respondents, v. R. E. Carrick Company, Incorporated, Third-Party Defendant-Appellant.— The third-party plaintiffs conceded liability under section 200 of the Labor Law. There is no dispute as to the fact that such concession is not binding on the third-party defendant. If, in fact, and in law there was no such liability on the part of the third-party plaintiffs, then there is no basis for the judgment over against the third-party defendant. (Williams v. Rhode Island Corp., 281 App. Div. 618, 621.) We find that the place where the plaintiffs worked and where the accident occurred was not a place within the scope or meaning of section 200. The place was one created by plaintiffs' employer, the third-party defendant, and constituted part of the work in progress. It was solely within the control of the third-party defendant. Consequently no liability could be found as against the third-party plaintiffs under section 200 of the Labor Law (Dimare v. Driscoll Co., 241 App. Div. 736). In the circumstances the judgment appealed from is unanimously modified so as to

eliminate therefrom the judgment over against the third-party defendant and, as so modified, affirmed, with costs to the appellant. Settle order on notice. Concur — Peck, P. J., Cohn, Bastow and Rabin, JJ.