William J. Crangle, J.
This is an appeal from an order of the Amsterdam City Court dated March 16, 1964, vacating a default judgment in the amount of $1,658.49. After obtaining the judgment plaintiff moved to set it aside because, it alleges, it discovered after judgment was entered that the defendants had obtained the loan upon which the judgment is based by means of a false loan application. Failure to allege this in the complaint resulted in a judgment which is dischargeable in bankruptcy and it is this judgment which has been vacated.
The order reads in part as follows: “ Ordered, that in the interests of justice, said judgment of April 19, 1963 be, and the same hereby is, set aside as to defendant Edward Soltys and plaintiff is permitted to serve a complaint upon said defendant Edward Soltys setting forth a cause of action in fraud, within twenty days of the entry of this order.”
The defendants appealed from the order. No questions are presented upon this appeal as to timeliness of the motion to vacate or of the appeal therefrom. A motion to dismiss the appeal for lack of prosecution has been denied.
Although the situation here is rather unusual, it is by no means novel in New York jurisprudence. The right of a successful party to have a judgment in his favor set aside on grounds of mistake, inadvertence, excusable neglect or the like has long been recognized. (Graef v. Bernard, 7 Misc. 246 [1894].)
A review of the decisions indicates that the courts acting under both statutory law and an inherent discretionary power have vacated judgments in a great variety of cases almost upon an ad hoe basis. ‘ ‘ Frequently, it has led to a subordination of the policies underlying finality of judgments in favor of the avoidance of inequity in a given case.” (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5015.02.)
*263 In a case somewhat similar to this one, Hatch v. Central Nat. Bank (78 N. Y. 487 [1879]), wherein the court below vacated a judgment upon motion of the plaintiff so he could serve an amended complaint to include four additional notes claimed to have been omitted by mistake the Court of Appeals dismissed defendant’s appeal upon the ground that the order was not appealable because within the power of the trial court to grant. (Other precedents are set forth in 40 ALE, 2d 1127.)
The City Court of Amsterdam exercised its discretionary power and declined to grant terms. I am unable to say that the court abused its discretion in this case. If the allegation concerning defendants’ fraud is true, his furtive hiding of the facts contributed to plaintiff’s ineffective judgment. Presumably in the interests of justice the trial court concluded that both parties should be allowed to litigate the facts in open court. No injury to either party could result from this. The cost of litigation mentioned by the defendant is an unavoidable burden cast equally on all members of an orderly society as a substitute for more expensive ways of solving disputes.
Order affirmed and appeal dismissed, without costs.