OPINION OF THE COURT
Martin B. Stecher, J.
Plaintiffs move for an order confirming an order of attachment pursuant to CPLR 6211 (b). Defendants cross-move to vacate the ex parte order of another Justice (CPLR 2221 [a] *579 [2]) which vacated a default judgment against defendants, thus permitting plaintiffs to serve an amended complaint.
This action arises out of loans made by plaintiffs to defendant Wozen Equities, Inc. (Wozen) totaling $80,000. The loans were allegedly personally guaranteed by defendant Steven T. Wozencraft (Wozencraft). When Wozen failed to repay the loans on demand as required, plaintiffs brought an action for breach of contract.
By order dated January 26, 1988 an attachment was granted pursuant to CPLR 6201 (3) in the action against defendants.
Judgment was thereafter granted on default against both defendants. The judgment against Wozen is dated February 19, 1988, that against Wozencraft is dated March 29, 1988. On April 26, 1988 plaintiffs obtained an ex parte order to vacate the judgments against both defendants in order to permit plaintiffs to amend their complaint to include a cause of action for fraud, based on "newly discovered” evidence.
Defendants cross-move to vacate the ex parte order which vacated the judgments, because, they allege, there is nothing in the CPLR permitting a plaintiff to move to vacate a judgment in his own favor.
Defendants oppose the motion to confirm the order of attachment on the grounds that the order of attachment terminated upon the entry of judgment in the first action, and on the grounds that the order of attachment was improperly granted.
Defendants’ opposition to this motion is meritless. An order of attachment does not terminate upon the entry of judgment. CPLR 6224 states that the order of attachment is annulled when the action in which it was granted abates, is discontinued or when a judgment entered in that action is fully satisfied. As none of these conditions has occurred, the order of attachment continued beyond the entry of the default judgments and their subsequent vacatur.
The order of attachment was granted based on documentary evidence which indicated that defendants had attempted to repay their debts to plaintiffs with checks on which the word "certified” had been stamped, although the checks were not, in fact, certified. The evidence indicated that defendants knew that the checks were not covered by sufficient funds, and had attempted to pass the counterfeit certified checks rather than repay the moneys owed to plaintiffs. This is quite sufficient to *580 establish plaintiff's prima facie right to an attachment pursuant to CPLR 6201 (3), which forms the basis for the order of attachment (see, Societe Generale Alsacienne de Banque v Flemingdon Dev. Corp., 118 AD2d 769). Defendants offer no denial of these allegations.
Therefore, the order of attachment was properly made, and is properly confirmed pursuant to CPLR 6211 (b).
The defendants cross-move to vacate the ex parte order which vacated the default judgments against defendants in order to allow plaintiffs to assert a claim for fraud (see, CPLR 2221 [a] [2]). Without merit is defendants’ argument that because CPLR 5,015 does not explicitly include the vacatur of a default judgment by a plaintiff, it is not contemplated by the statute. "A court has inherent power to set aside its judgments for sufficient reasons and it is not limited by statute” (Firemen’s Fund Ins. Co. v Dietz, 110 AD2d 1083, 1084). More specifically "[t]he right of a successful party to have a judgment in his favor set aside on grounds of mistake, inadvertence, excusable neglect or the like have long been recognized” (Manufacturers Natl. Bank v Soltys, 49 Misc 2d 261, 262, citing Graef v Bernard, 7 Misc 246). Thus, in Hatch v Central Natl. Bank (78 NY 487), the court’s discretion in granting plaintiffs motion to vacate a judgment so that the complaint could be amended to include four additional notes allegedly omitted by mistake was upheld. The fact that CPLR 5015 does not include this situation among the grounds explicitly articulated is of no moment.
More troublesome is the fact the judgment was vacated ex parte. Commentators have noted the "general distaste among the judiciary” for ex parte motions not expressly authorized by statute, and have suggested that the only time a party should move ex parte is when he is so expressly authorized (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2211:6, at 32, 33). Nonetheless, case law "suggests” that an ex parte motion can be made "when it can be shown that the adverse party will not be 'prejudiced or affected in the least’ by the relief sought” (Siegel, Practice Commentaries, op. cit., at 33, citing Matter of Salmon, 34 Misc 251).
Here, despite plaintiffs’ urging to the contrary, defendants are indeed affected by the vacatur and could very well be prejudiced. When a judgment is entered against a party, it lays to rest not only the claims raised, but those that could *581 have been raised as well. Allowing plaintiffs to vacate the judgment they obtained and to amend their complaint to assert a new cause of action for fraud erases the preclusive effect of the default judgment and has the potential of increasing defendants’ exposure to liability. Nor is it apparent what the "grounds of mistake, inadvertence, excusable neglect or the like” were which would justify granting plaintiffs’ motion. For these reasons, plaintiffs’ motion should not have been granted without notice. Defendants’ cross motion to vacate the order of vacatur is granted. Plaintiffs may move again to vacate but only on notice.
Accordingly, the motion to confirm the order of attachment is granted and the cross motion is granted.