BOYD v. UNITED STATES MORTGAGE & TRUST CO. et al.

(Supreme Court, Appellate Division, First Department. June 19, 1903.)

1. PLEADINGS—AMENDMENT—LIMITATIONS—TRUSTEES—INDIVIDUAL LIABILITY.
   After issue joined, but before trial of an action for personal injuries received in a building kept up by defendant trustee, it was error to refuse an amendment of the title or caption of the complaint so as to enforce the liability against defendant not in its representative capacity, but primarily, though such amendment would cut off the defense of limitations.
   Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Julia S. Boyd against the United States Mortgage & Trust Company, as trustee, and others. From an order refusing a motion to amend the summons and complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Howard Taylor, for appellant.
Theodore H. Lord, for respondent trust company.

PATTERSON, J. This is an appeal from an order denying a motion made by the plaintiff to amend the title or caption to the summons and complaint in this action, which was brought against a corporation (the United States Mortgage & Trust Company), "as substituted trustee under the will of Matthew Byrnes, deceased," and others, to recover damages for personal injuries which the plaintiff alleges she suffered by falling into an open space in the flooring of a building belonging to the defendant corporation while she was being conducted through said building. She also alleges that in consequence of darkness the open space could not be seen, and that it was through the negligence of the defendants that such space was left open

and unguarded. Issue was joined in the action about the month of October, 1900. On May 8, 1903, the cause not having then been brought to trial, the plaintiff's attorneys, conceiving that the action was improperly entitled, and that the liability sought to be enforced was one existing against the United States Mortgage & Trust Company, not in its representative capacity, but primarily, made this motion.

It would seem that, when the complaint was drawn, it was framed upon what was decided in Schwab v. Cleveland, as Trustee, 28 Hun, 458. It was subsequently held in Keating v. Stevenson, 21 App. Div. 604, 47 N. Y. Supp. 847, that trustees of an express trust in real estate, charged with the duty of keeping premises in repair, are, by virtue of the legal title vested in them, liable personally, at least in the first instance, and not in their representative capacity, for the failure to keep the premises in repair. It was to meet the ruling in the last-mentioned case that this application was made. It was also held in that case that the court at the trial had no power to allow an amendment of the complaint to change the action from one to enforce a liability as charged in the complaint to a liability in another and unpleaded relationship, and that furnishes another ground for moving for leave to amend before the cause was brought to trial.

That the court had the power to grant leave to amend, we think, follows from what was held in Hatch v. Central National Bank, 78 N. Y. 487; and we are of opinion that the facts presented to the court below in the case at bar should have induced it to exercise its discretion to grant, instead of to deny, the motion. No change is sought to be made of a defendant. The corporation is the same. The negligence complained of is attributed to it. No modification whatever of the facts constituting the cause of action is sought, and the complaint, in its entirety, will stand precisely as originally drawn. The amendment is to correct a mistake in the designation merely of the defendant corporation. It was held in Tighe v. Pope, 16 Hun, 180, that an application to change an action brought against the defendant as administratrix to one brought against her personally is such a change as is authorized by section 723 of the Code of Civil Procedure; and in Munzinger v. Courier Co., 82 Hun, 574, 31 N. Y. Supp. 737, the action was originally brought against the "Courier Company," and an amendment was allowed so as to change it to one against "George Bleistein, as President of the Courier Company." There being no question of the identity of the party, no change in the facts constituting the cause of action, and no deprivation of the right of the defendant to insist upon substantial defenses to the merits, there seems to be no good reason why, in furtherance of justice, the amendment should not have been allowed. Stuyvesant v. Weil, 167 N. Y. 421, 60 N. E. 738, 53 L. R. A. 562.

The principal objection urged to granting the plaintiff's application, and that which seemed to prevail with the court below, is that by allowing the amendment the defense of the statute of limitations is cut off. In Quimby v. Claflin, 27 Hun, 611, it was held that a cause of action barred by the statute of limitations should not be allowed to be inserted as an amendment. That was a case in which the court refused to

allow an entirely independent, separate, and additional cause of action, barred by the statute, to be inserted by way of amendment in the complaint. The Court of Appeals in that case dismissed an appeal from the General Term, but did not review its decision. It was held, however, in Hatch v. Central National Bank, supra, that a complaint might be amended, even after judgment, although the statute of limitations would apply to the claim as set up in the amended complaint, and that an amendment which would prevent the application of the defense of the statute of limitations is allowable. It was also so held in Truman v. Lester, 71 App. Div. 612, 75 N. Y. Supp. 548, citing Deane v. O'Brien, 13 Abb. Prac. 11; Eighmie v. Taylor, 39 Hun, 366.

We think the order was erroneous, and that it should be reversed, with $10 costs and disbursements, and that the plaintiff's motion to amend the caption of the summons and complaint should be granted, without costs. All concur, except VAN BRUNT, P. J., who dissents.