### BOYD v. UNITED STATES MORTGAGE & TRUST CO.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. ACTIONS—PLEADING—SECURITY FOR COSTS—WAIVER.

Where plaintiff was permitted by an order of the Appellate Division to amend the summons and complaint, and was required to serve the amended summons and complaint personally on defendant, defendant, otherwise entitled to demand security for costs by reason of the nonresidence of the plaintiff, did not waive its right thereto by an application, made after service of the amended pleadings, alleging the date of the commencement of the action as of the date the amended pleadings were served.

2. SAME.

Where plaintiff, a nonresident, sued defendant in its capacity "as substituted trustee under the will" of B., deceased, and thereafter was permitted to amend its summons and complaint by striking therefrom the words designating defendant's representative capacity, the service of an

amended summons and complaint so far changed the proceeding from the one originally brought as to entitle the defendant to move for security for costs on the amended complaint.

**8. SAME.**

Where plaintiff sued defendant in a representative capacity, and thereafter obtained leave to file an amended summons and complaint, changing the action to a suit against defendant personally, the fact that defendant procured an order declaring the first action abandoned, and that such order contained a stay of proceedings, did not preclude defendant from moving for security for costs under the amended complaint.

Appeal from Special Term, New York County.

Action by Julia S. Boyd against the United States Mortgage & Trust Company, as trustee. From an order vacating an order requiring plaintiff to give security for costs, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Theodore H. Lord, for appellant.
Howard Taylor, for respondent.

HATCH, J. This action was brought to recover damages alleged to have been sustained through the negligence of the defendant. The order for security for costs was granted on August 3, 1903, and was founded upon affidavits which showed that the plaintiff was a resident of the city of Philadelphia, in the state of Pennsylvania. The affidavits stated, among other things, that the action was commenced by the service of a summons and complaint upon the defendant on the 15th day of July, 1903. The facts relative to the question involved are as follows: The plaintiff commenced an action against the defendant by service of a summons and complaint upon the defendant trust company, denominated therein "as substituted trustee under the will of Matthew Byrnes, deceased"; it being alleged that the trustee company, as such trustee, was the owner of the premises where the accident occurred. The company appeared and answered. In May, 1903, the plaintiff made a motion for leave to amend the summons and complaint by striking out of the caption thereof, and wherever else it appeared, the words "as substituted trustee under the will of Matthew Byrnes, deceased," after the words "United States Mortgage & Trust Company." This motion was denied, but upon appeal to this court the order was reversed, and the motion granted. 84 App. Div. 466, 82 N. Y. Supp. 1001. By the order of reversal the plaintiff was directed within 10 days after the entry of the order to serve upon the trust company a copy of the amended summons and complaint, and it was further ordered that the trust company should have 20 days after such service within which to answer the amended complaint. The plaintiff desired to have the order resettled in some manner, and applied to the defendant's attorneys for an extension of time in which to serve the amended summons and complaint. The defendant's attorneys, in writing, extended such time 5 days, until July 15, 1903, designating themselves as "attorneys for the defendant Trust Co., as subtrustee under the will of Matthew Byrnes, deceased." Upon a subsequent application for a further extension, the defendant's attorneys refused the same, declaring that they had no right to repre-

sent the defendant trust company in any manner, except as substituted trustee, and suggested to plaintiff's attorneys that they serve the amended summons and complaint upon the defendant trust company. Service was thereupon made upon the trust company upon the 15th day of July, 1903. The summons and complaint were precisely like the former summons and complaint, except that the words were omitted as directed in the order made by the Appellate Division. The papers thus served were not designated as amended summons and complaint. No action was taken upon the motion to resettle until October, when it was denied. The amended summons and complaint were returned to the plaintiff's attorneys upon the ground that they were not served in time, and that they were not in conformity with the provisions of the order of the Appellate Division, but the defect therein was not pointed out; and the defendant's attorneys stated orally that the objection that they were not served in time would be withdrawn, if the last-served copies of the summons and complaint were designated as amended. This the plaintiff's attorneys refused to do, saying that the papers would speak for themselves. Thereafter the motion was made for security for costs, and the defendant's attorneys insisted that the commencement of the action should be considered as being at the time of the second service. The plaintiff contends that it should not be so construed, as its effect would be to interpose as a bar the statute of limitations.

The motion which was made by the plaintiff was to amend the summons and complaint, and this was the order granted by this court, and therein the summons and complaint were required to be served personally upon the trust company. Upon this appeal, we are concerned only with the question as to whether the service of this amended summons and the amended pleading entitled the defendant therein to make an application for an order that the plaintiff file security for costs. The nonresidence of the plaintiff entitled the defendant to such order, unless in some form it had waived the right. Section 3268, Code Civ. Proc. The defendant, when it moved for the order, stated that the commencement of the action was of the date when the amended summons and complaint were served; and, by stating in his affidavit that the action was commenced upon that date, it has been deprived of its right to have security filed for costs. We think that its statement in this regard should not have defeated its right to the order. All of the facts were before the court, and, without regard to what either party claimed, it clearly appeared that the application to compel the filing of security was based upon the amended summons and complaint, and the date of its service was not a matter of dispute. The whole subject-matter, however, had been made to turn upon the statement in the affidavit that the action was commenced on that date, and thereby the defendant has been deprived of a substantial right. What the legal effect is of the service of the amended summons and complaint upon the trust company is a matter which is not presently of consequence, and we are not called upon to determine it. This court has held that the amended papers might be served, and the action continued as it existed before, and we do not now assume to depart from such holding. Nothing, however, was determined in the

decision authorizing the amendment which excluded the defendant from making application for any order or other relief thereunder to which it might show itself entitled; and by the amendment which the plaintiff obtained, we think, she subjected herself to a motion to compel the filing of security for costs. The amendment carried with it the right to move for security, and did not operate in destruction of it. It was so far a changed proceeding as to entitle the defendant to the order, and it could not be defeated in such right upon the · ground of waiver after the amended pleading was served. Nor does the fact that it procured an order to be entered declaring the action against the defendant as substituted trustee abandoned interfere with its right to procure the order to file security for costs. The fact that the last-named order contained a stay of proceedings did not destroy defendant's right to the security for which the order provided. Plaintiff would undoubtedly have the right to make application to the court to be relieved from the stay, and for the vacation of the order declaring the cause of action abandoned, but this did not involve the necessity of vacating the order which required security to be filed for costs. Plaintiff's right could have been protected by vacating the stay to the extent of authorizing the motion to be made to vacate the order of abandonment.

We therefore reach the conclusion that the order vacating security for costs should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.