(108 App. Div. 292.)

### KERRIGAN v. PETERS et al.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

1. LIMITATION OF ACTIONS—SUBSTITUTION OF PARTIES AFTER BAR.

    The court may permit a summons and complaint to be amended by striking out, after the names of defendants, the words "as executors," etc., so as to change the action from one against defendants representatively to one against them individually, although limitations may have run as a defense to defendants individually.

    [Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Limitation of Actions, § 540; vol. 37, Cent. Dig. Parties, § 94.]

2. PARTIES—SUBSTITUTION—TIME OF MOVING—LACHES.

    Where a case was never put upon the calendar and was not moved by either party, a motion, made a year and a half after the filing of defendants' answer, to be permitted to amend the complaint by changing the action from one against defendants representatively to one against them individually, would not be denied on the ground of laches.

3. SAME—COSTS.

    An order permitting an amendment to the complaint, so as to change the action from one against defendants representatively to one against them individually, should allow costs to defendants.

Appeal from Special Term, New York County.

Action by Frances Kerrigan against George W. Peters and others, as executors of Edward B. Fellows, deceased. From an order permitting the amendment of the summons and complaint, defendants appeal. Modified and affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Geo. L. Shearer, for appellants.
Odell D. Tompkins, for respondent.

PATTERSON, J. This is an appeal from an order allowing an amendment of a summons and complaint by striking out, after the names of the defendants, the words, "as executors of the last will and testament of Edward B. Fellows, late of the city of New York, deceased." The purpose of the amendment is to change the action

from one against the defendants representatively to one against them individually. The power of the court to grant such an amendment is fully sustained by Tighe v. Pope, 16 Hun, 180, and Boyd v. U. S. Mortg. & Trust Co., 84 App. Div. 466, 82 N. Y. Supp. 1001, and 94 App. Div. 413, 88 N. Y. Supp. 289, the latter case being in this court. We held there that the fact that the statute of limitations might run as a defense to the defendants individually was not to be considered.

It is admitted by the appellants that this case is analogous to the Boyd Case; but it is said that a distinction exists, which goes to the question of laches. In the Boyd Case the motion was made to amend by striking out the words "as substituted trustees under the will," and such motion was made just before the case was reached for trial on the calendar of the court. In the present case, the plaintiff did nothing, the case was never put upon the calendar, and it was not until a year and a half after the defendants' answer was interposed that the plaintiff made the motion. The question of laches is not involved here. Neither party moved the case apparently, and the affidavit of the plaintiff's attorney is in effect similar to that presented in the Boyd Case. It had been held in Schwab v. Cleveland, 28 Hun, 458, that persons in charge of real estate in their representative capacity were liable in actions of negligence; but afterwards, in Keating v. Stevenson, 21 App. Div. 604, 47 N. Y. Supp. 847, it was held that trustees of an express trust in real estate, charged with the duty of keeping premises in repair, are, by virtue of the legal title vested in them, liable personally, and not in their representative capacity.

The order, however, permitting the amendment, was made without costs. That was wrong, and costs should be allowed.

The order should be modified by allowing the amendment, with costs of the action accrued to the time of the amendment, and requiring service of the complaint as amended on the defendants' attorney, and, as modified, affirmed, with $10 costs and disbursements to appellants. All concur.