(49 Misc. Rep. 445)

SOUTHACK v. GLEASON et al.

(Supreme Court, Appellate Term. March 12, 1906.)

1. PARTIES—AMENDMENTS—REPRESENTATIVE OR INDIVIDUAL CAPACITY.
    Where an action is prosecuted against defendants as trustees, the court has power to turn the action into one against them individually.
    [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Parties, § 165.]

2. PROCESS—AMENDMENT—NECESSITY.
    Where an action is prosecuted against defendants as trustees, but is turned into one against them individually, the summons should be amended as well as the complaint.

Appeal from City Court of New York, Special Term.

Action by Eugene Southack against Olin F. Gleason and others as trustees, etc. From an order granting leave to file an amended complaint, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Robertson, Harmon & Davies, for appellants.
Cheevey & Rogers, for respondent.

PER CURIAM. The court had power to so amend the proceedings as to turn the action into one against the defendants individually. Boyd v. U. S. Mortgage & Trust Co., 84 App. Div. 466, 82 N. Y. Supp. 1001. The summons, however, should have been amended

as well as the complaint, and an amendment of the latter alone is ineffectual, and cannot be sustained.

Order reversed, with $10 costs and disbursments, and motion denied, with leave to plaintiff to make such motion in the court below as he may be advised.