MARTIN J. DOYLE, Individually and as Administrator of the Estate of MARY T. DOYLE, Deceased, Respondent, *v.* PATRICK H. CARNEY, as Executor of BRIDGET HAYDEN, Deceased, Appellant.

PLEADING — IMPROPER AMENDMENT AS TO PARTIES — CODE CIV. PRO. § 723. Where it appears upon the trial of an action brought by plaintiff as administrator to recover the value of services rendered by his deceased daughter, that she was a minor at the time the services were rendered, an amendment of the complaint, virtually allowing him to prosecute the action also in his individual capacity, is not authorized by section 723 of the Code of Civil Procedure, since such amendment " changes substantially " the cause of action by bringing in another party having a different cause of action.

*Doyle* v. *Carney,* 115 App. Div. 921, reversed.

(Argued December 13, 1907; decided December 20, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 26, 1906, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James W. Watts* for appellant. The court ought not to have allowed the summons and pleadings to be amended to conform to the proofs. (Code Civ. Pro. § 723 ; *Van Cott* v. *Prentice,* 104 N. Y. 46 ; *Davis* v. *N. Y., L. E. & W. R. R. Co.,* 110 N. Y. 646 ; *Bockes* v. *Lansing,* 74 N. Y. 437 ; *Union Bank* v. *Mott,* 10 Abb. Pr. 372 ; *Allaben* v. *Wakeman,* 10 Abb. Pr. 163 ; *Davis* v. *Mayor, etc.,* 14 N. Y. 506 ; *Keating* v. *Stevenson,* 21 App. Div. 604 ; *Zimmer* v. *Chew,* 34 App. Div. 504 ; *Low* v. *Graydon,* 14 Abb. Pr. 444.)

*C. B. Miller* for respondent. It was within the legitimate power of the court and in furtherance of justice to allow the plaintiff to amend his pleadings to conform to the proof. (Code Civ. Pro. § 723 ; *Dauchy* v. *Tyler,* 15 How. Pr. 399 ;

*Lanfer* v. *B. F. Co.*, 84 Hun, 311; *Thomas* v. *Nelson*, 69 N. Y. 118; *L. Ins. Co.* v. *Nelson*, 78 N. Y. 137; *Howard* v. *Johnston*, 82 N. Y. 271; *Martin* v. *Home Bank*, 160 N. Y. 190; *Reeder* v. *Sayre*, 70 N. Y. 180; *Davies* v. *Mayor, etc.*, 14 N. Y. 527; *Boyd* v. *U. S. M. & T. Co.*, 84 App. Div. 466.)

Gray, J. Plaintiff brought this action, as the administrator of the estate of Mary T. Doyle, to recover from the defendant the value of services rendered by her to the defendant's testatrix. Upon the trial, it appeared by plaintiff's testimony that Mary was his daughter and was a minor at the time the services were rendered. She became of age in the month that the defendant's testatrix died. Before Mary's death, she caused to be presented a claim to the defendant for the services in question, which was rejected. At the conclusion of the evidence, the defendant moved the court to direct a verdict in his favor, upon the ground that Mary having rendered the services while under twenty-one years of age, they could not be recovered for by plaintiff as the administrator of her estate, inasmuch as they would "belong to him personally." Whereupon, the court granted a motion by the plaintiff to be allowed to amend his complaint "to conform to the proof." The defendant objected to the granting of the motion, upon the ground that "it changes the character of the action and cannot legally be done." The trial judge ruled that he would deny the defendant's motion for the direction of a verdict and "let the case go to the jury upon the proofs and allow the complaint to be amended to conform to the proofs." Defendant excepted. The jury "rendered a verdict for the plaintiff." A judgment was subsequently entered in favor of the plaintiff, "individually and as administrator," etc., for the amount of the verdict and, also, for costs, upon the judge's certificate, as to the latter, that the payment of the claim had been unreasonably resisted. Before the entry of the judgment, an order was formally entered amending the pleading and the complaint

was amended, solely, by joining the plaintiff in his individual capacity as a party plaintiff in the action. The Appellate Division has affirmed the judgment and, upon the defendant's appeal to this court, the question is raised as to the power of the court to allow the amendment of the pleading.

I think no such power existed. Section 723 of the Code of Civil Procedure empowers the court upon the trial, in furtherance of justice, to amend a pleading by adding, or striking out, the name of a party; or " where the amendment does not change substantially the claim, or defense, by conforming the pleading, or other proceeding, to the facts proved." The amendment in question brought in another party, having a different cause of action; for the right of the father of Mary to recover for her services rested upon quite another basis, than would that of the administrator of her estate. A parent has a right to the services and earnings of a minor child, which is founded upon the theory of compensation to him for the child's maintenance. If, therefore, there existed any claim against the estate of the defendant's testatrix for the services rendered by Mary, it, presumptively, belonged to her parent and that, manifestly, presented a different cause of action. Had the plaintiff brought the action in his individual capacity and, also, as the administrator, the defendant could have demurred for a misjoinder of parties, or have taken that objection by answer. The proofs, which would have been called for in defense of a suit by the plaintiff, individually, would be quite other than such as would be required to meet his claim as the administrator. It might have been shown in defense that he, as parent, had failed to give the notice of claim under the statute (Dom. Relations Law, sec. 42), or had relinquished any claim, expressly, or impliedly. If the original plaintiff could not sustain the action, the statute does not authorize an amendment of the pleading, which adds the name of a person, who was, as to the original cause of action, a stranger in the eye of the law. (See *Van Cott* v. *Prentice*, 104 N. Y. 45, 57, and *Davis* v. *Mayor, etc., of N. Y.*, 14 ib. 506, 526.) As a test, it may be seen

that, if the original plaintiff had recovered a judgment upon his cause of action, as set out in his complaint, it would not be a bar to a recovery by him, as an individual, suing in his right as parent.

I advise the reversal of the judgment and that a new trial should be ordered; the costs to abide the event.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment reversed, etc.