### HANNUM v. JEROME.

(Circuit Court, N. D. New York. January 4, 1911.)

1. COURTS (§ 347*)—FEDERAL COURTS — LAW ACTION — RULES AND PRACTICE—AMENDMENTS OF PLEADINGS.

Where an action at law is instituted in a federal court sitting in New York, the rights of the parties with reference to amendment of pleadings are governed by the New York Code of Civil Procedure and the rules and practice of the Supreme Court of that state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. § 347.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. PARTIES (§ 59*)—SUBSTITUTION—OBLIGATIONS OF DECEDENT—LIABILITY OF HEIR—PLEADING—AMENDMENT.

Where plaintiff, having sent sums of money at different times to defendant's testator for investment in real estate in Colorado claiming that testator had fraudulently converted the same, sued defendant as executrix, who was also testator's widow, and his only heir and next of kin,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and also his only legatee or devisee, to recover the money so converted or the property in which it had been invested, and it appeared that defendant had settled her accounts as executrix and that no creditors were interested, plaintiff had a cause of action against the widow individually, and was entitled to amend, so as to make the suit one against defendant in her individual capacity only, or by joining her as an individual.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 90–94; Dec. Dig. § 59.*]

Action by Henry A. Hannum against Ella B. Jerome, as executrix of the last will and testament of Frank Jerome, deceased. On plaintiff's motion for leave to amend, so as to make the action one against Ella B. Jerome, both individually and in her representative capacity, or one against her individually, and not in her representative capacity. Motion granted.

Costello, Burden, Cooney & Walters, for plaintiff.
Fowler, Crouch & Vann, for defendant.

RAY, District Judge. The cause of action, briefly stated, is that prior to the commencement of this action, and prior to the death of Frank Jerome, he, residing in Denver, state of Colorado, by letters written to Hannum at Syracuse, or some place in the state of New York, where he resided and still resides, and perhaps by statements made personally in New York also, and by false and fraudulent representations therein and thereby made, in part at least promissory, induced Hannum to send and pay over to him (Jerome) considerable sums of money at different times, which he was to invest and agreed to invest in real estate for Hannum at and in Colorado, and which he falsely and fraudulently represented he had done; that such of the money so obtained as was put into real estate was put by said Jerome into real estate in his own name, and that it or its proceeds, and perhaps some of it and some of the proceeds, were held by Jerome and in his possession at the time of his death; that said property or its proceeds, on the death of said Jerome at Denver, Colorado, in which state he then resided, went into the hands and possession of said Ella B. Jerome, and is still in her possession and claimed by her as her own, and that it went into her possession either as executrix or administratrix of Frank Jerome originally on his death, and then to said Ella B. Jerome, or to her directly on his death, she being the widow and sole and only heir at law, next of kin, or only legatee or devisee of said Frank Jerome, if he left a will; and that she now has and holds the property or its proceeds as her own, and that it or its proceeds belongs to and is the property of the plaintiff. He seeks to recover its value. It is claimed that she had settled her accounts as executrix or administratrix, whichever she was, and that no creditors are interested. If all this is true, it would seem that the plaintiff has a good cause of action against said Ella B. Jerome either at law or in equity. Assuming this to be an action at law, the practice is regulated so far as may be by the Code of Civil Procedure of the state of New York and the rules of practice of the Supreme Court of that state.

I think the amendment can be, and in furtherance of justice should be, allowed. Boyd v. United States Mortgage & Trust Co., 187 N. Y. 262, 79 N. E. 999, 9 L. R. A. (N. S.) 399, 116 Am. St. Rep. 599; Kerrigan v. Peters et al., as Executors, etc., 108 App. Div. 292, 95 N. Y. Supp. 723; Tighe v. Pope, 16 Hun (N. Y.) 180; McDonald v. Ward, 57 Conn. 304, 18 Atl. 51. The amendment does not go to the extent of changing the cause of action, or of substituting a person not served for the one actually served. In Kerrigan v. Peters, supra, the words struck out by the amendment were "as executors of the last will and testament of Edward B. Fellows, late of the city of New York, deceased," after the name of the defendant. This left the action against the defendant as an individual. In Boyd v. U. S. Mortgage & Trust Co., supra, the court said:

"The power of the court to permit an amendment of the summons and complaint, so as to show that the defendant is sued individually instead of being sued in a representative capacity, is hardly open to serious question."

Here the plaintiff, Hannum, seeks to reach this property or its proceeds in the hands of the defendant, Ella B. Jerome, and wrongfully held and detained by her as her own. In Doyle v. Carney, 190 N. Y. 386, 83 N. E. 37, the plaintiff, as administrator of his deceased daughter, sued in his representative capacity to recover the value of services rendered by her in her lifetime. It appeared that she was a minor at the time the services were rendered, and that consequently such services belonged to the father, who was also her administrator. This appearing, and a motion having been made to dismiss on the ground the plaintiff could not maintain the action as administrator, as the recovery or the value of the services did not belong to the estate, but to the plaintiff, the father of the deceased, personally, the court allowed an amendment virtually making it a suit by Doyle individually and by Doyle as administrator. Held that this was error, as the right of recovery by the father rested on a basis different from that of Doyle as administrator, and that—

"if the original plaintiff could not sustain the action, the statute (section 723, Code Civ. Proc.), does not authorize an amendment of the pleading which adds the name of a person who was, as to the original cause of action, a stranger in the eye of the law."

That was, of course, bringing in another person as plaintiff, the father individually to recover upon a cause of action which had always belonged to him, while the action as brought was on a cause of action alleged to have belonged to the deceased daughter.

In Boyd v. U. S. M. & Trust Co., supra, the action was for negligence, and the designation of defendant was changed from that of a trustee to that of an individual. The Court of Appeals approves Tighe v. Pope, 16 Hun (N. Y.) 180, where an attorney sued to recover the value of services rendered to the administratrix of a deceased person's estate. The deceased had incurred no liability, and the administratrix was personally responsible, not the estate represented by her. The words "as administratrix," etc., following the name of the defendant, were stricken out.

In the case at bar, if the money or property or the proceeds of the property mentioned has come into the hands of the defendant, and it was obtained by fraud, she is liable therefor, unless equities have intervened which defeat a recovery. I can see no impropriety, therefore, in allowing an amendment striking out the words "as executrix of the last will and testament," etc., or in allowing those words to remain and adding the words "individually and" after the name Jerome, so that the suit will stand against the defendant individually and as administratrix. I see no necessity for allowing the words "as executrix," etc., to remain, however. If Ella B. Jerome ever was executrix or administratrix, and her accounts have been settled and passed, the property has passed to her individually, unless she is still holding as a trustee under some provision of the will, if there was one.

I think the case should stand as one against Ella B. Jerome individually, taking the papers as they stand. The plaintiff may amend the complaint as he shall be advised, so as to get this case to an issue.

There may be an order accordingly.