(93 Misc. Rep. 582)

PEOPLE v. RAQUETTE FALLS LAND CO.

(Supreme Court, Special Term, Essex County.   February, 1916.)

1. PLEADING ☞235—AMENDMENT—POWER OF COURT.
   The power to amend process and pleadings is inherent in the court as a part of its ordinary jurisdiction, and Code Civ. Proc. § 723, giving power to amend pleadings at the trial, is declaratory only.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 600; Dec. Dig. ☞235.]

2. PLEADING ☞245(3), 258(3)—AMENDMENT—ANSWER—NEW DEFENSE.
   Code Civ. Proc. § 723, giving the court on trial, or at any other stage of the action, and in furtherance of justice, the power to amend pleadings by inserting an allegation material to the case, does not authorize an amendment on the trial which changes substantially the cause of action or sets up a new defense.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 658, 659, 771, 772; Dec. Dig. ☞245(3), 258(3).]

3. PLEADING ☞238(1)—AMENDMENT—ANSWER—NEW DEFENSE.
   A motion to amend the answer, so as to set up a new defense, should be presented at Special Term, at which the court has power to allow such amendment.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 602, 620; Dec. Dig. ☞238(1).]

4. LIMITATION OF ACTIONS ☞184—AMENDMENT—ANSWER—NEW DEFENSE.
   Where judgment in an action between the state and a claimant to certain lands was vacated on motion of plaintiff more than 10 years after it had been entered by consent of the parties, and after completion of the proofs and submission of the case before an official referee defendant moved for leave to amend, so as to plead the statute of limitations, on presentation of the motion at Special Term, the amendment should be grant-

ed, with permission to plaintiff to give further evidence on the new defense.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 693; Dec. Dig. ☞184; Pleading, Cent. Dig. § 796.]

Action by the People against the Raquette Falls Land Company. Motion to amend answer granted.

Egburt E. Woodbury, Atty. Gen., and Benjamin McClung, of Albany, for the People.

Edward M. Angell, of Glens Falls, for defendant.

VAN KIRK, J. This is a motion for leave to amend the answer by setting forth a new defense, a statute of limitations. The answer was served in January, 1905. A compromise agreement, made by the forest, fish and game commission and the defendant, was entered into, and thereafter, by consent of both parties, judgment was entered. In May, 1915, upon application of the plaintiff, the judgment was vacated, and the case went to Judge Irving Vann, official referee, to hear and determine. Proofs were completed and the case submitted to the referee. The defendant then made informal application to the referee for leave to amend its answer. The referee has replied that he did not have authority to allow the amendment, but, on request, has held the determination of the case until it could apply to the Special Term. This the defendant has done.

[1] "The power to amend process and pleadings is inherent in the court as a part of its ordinary jurisdiction." "The section [Code, § 173; section 723 now] referred to, however, is declaratory only." Christal v. Kelly, 88 N. Y. 290. The court before trial has inherent power to amend an answer and set up a new defense. Deyo v. Morss, 144 N. Y. 216, 39 N. E. 81; Ford v. Ford, 35 How. Prac. 323; Muller v. City of Philadelphia, 113 App. Div. 92, 99 N. Y. Supp. 93; Washington Life Ins. Co. v. Scott, 119 App. Div. 847, 104 N. Y. Supp. 898.

[2] The power to amend pleadings at the trial is given by section 723, and a referee has the same power in this respect as the court. Code Civ. Proc. § 1018; Bullock v. Bemis, 40 Hun, 623; Spies v. Lockwood, 40 App. Div. 300, 57 N. Y. Supp. 1023. Section 723 gives the court upon the trial, or at any other stage of the action, and in furtherance of justice, and on such terms as it may deem just, power to amend a pleading: (1) By adding or striking out the name of a person as a party; (2) by correcting a mistake in the name of a party; (3) or a mistake in any other respect; (4) by inserting an allegation material to the case; (5) where the amendment does not change substantially the claim or defense, by conforming the pleading to the facts proved.

It is claimed that this amendment is "an allegation material to the case." It seems to me this expression in the Code is not an apt description of a new defense and with the most liberal construction cannot be so considered. Section 723 does not permit an amendment upon the trial which changes substantially the cause of action, or sets up a new defense. Doyle v. Carney, 190 N. Y. 386, 83 N. E. 37; Chester

v. Buffalo Car Mfg. Co., 183 N. Y. 438, 76 N. E. 480; Bohlen v. Metropolitan E. R. Co., 121 N. Y. 550, 24 N. E. 932; National S. Co. v. Sheahan, 122 N. Y. 461, 466, 25 N. E. 858, 10 L. R. A. 782; Schmitt v. National Law Ass'n, 84 Hun, 128, 32 N. Y. Supp. 513.

[3] The trial court, if a party desires to set up a new defense, should require him to seek such relief at the special term. And there is no doubt of the power of the court at Special Term to allow such an amendment. Abbott v. Meinken, 48 App. Div. 109, 62 N. Y. Supp. 660. It is common practice, when an action is being tried before a jury, and the necessity for an amendment of a pleading, which affects the substantial rights of the parties, appears, for the court to allow the party to withdraw a juror, thus discontinuing the trial, in order that the party may have opportunity to apply to the special term for leave to amend. In Bullock v. Bemis, 40 Hun, 624, Judge Haight said:

"It is true that section 1018 gives to the referee the same power upon the trial to allow an amendment as the court possesses, but this section does not purport to limit or qualify the power possessed by the court. The power given to the referee is concurrent, but not exclusive. Motion may be made before the referee, or if the party chooses, and the referee adjourns the case, the motion to amend may be made at Special Term."

In Wiley v. Brigham, 16 Hun, 106, it is held that it was not error, when the referee declined to grant a motion to amend, to give the party opportunity to make his motion at the Special Term. This case is not fully reported, but the amendment was one setting up a breach of contract between the parties. In the Wiley Case, Ford v. Ford, 35 How. Prac. 321, is cited, and there it is held, on the trial of a cause, the court has no power, and consequently a referee has none, to allow the amendment of a pleading by inserting a new cause of action or a new defense. If on the trial such an amendment is desired, it can only be obtained by suspending the trial or hearing and applying on motion to the Special Term, and the court disapproved a former holding that the court at Special Term has no more power to grant amendments than the court has on the trial. Smith v. Rathbun, 13 Hun, 47, 53. Under our liberal policy as to amendments, upon formal notice, and if the rights of the parties are not prejudiced by the amendment, I can see no reason why the Special Term, even while the trial is pending in another court, if that court suspends the trial to permit an application to be made to the Special Term, should not have the full power of the Special Term as to amendments. It was stated on the argument that the allowance of this amendment will not require any further evidence from either party.

[4] The pleadings in this case were prepared, 11 years ago, in the light of the agreement between the parties for the adjustment of the dispute as to title. About 1905, numbers of cases between the state and claimants of lands in the Adirondacks were adjusted by the forest, fish and game commission under the statute as it stood. The judgment entered in this case stood for approximately 10 years without question. Then the judgment was vacated and the case brought on for trial on pleadings deemed to be sufficient to justify the court in

rendering judgment upon the stipulation or agreement made in open court. Now, upon the trial of the action, it appears that the present attorneys find the answer does not present one defense which may be important in determining the case. Evidently, at the time the trial began, the defendant's attorneys did not appreciate that the question might arise. Under all the circumstances of the case and in the interest of justice, I think the amendment should be allowed, with the permission, if plaintiff desires, to give further evidence upon the new defense.

Motion granted.