MAY S. PELZER, as Administratrix of BERNARD S. PELZER, Deceased, Plaintiff, *v.* UNITED DREDGING COMPANY, Defendant.

MAY S. PELZER, as Administratrix of BERNARD S. PELZER, Deceased, Plaintiff, *v.* RAYMOND A. PERRY, Defendant.

Supreme Court, New York Special Term, March, 1922.

**Practice — amending summons and complaint — administratrix in foreign jurisdiction who later takes out ancillary letters — permission to amend to sue in her new capacity — Civil Practice Act, § 192.**

Where, after the appointment of an administratrix by a Mexican court and the commencement of an action by her in that capacity, she was granted letters of administration in this state upon the same estate, a motion under section 192 of the Civil Practice Act to amend the summons and complaint in proceedings by dropping her former status and asserting that which she had acquired under New York law, will be granted.

MOTION to amend summons and complaint.

*Cullom & Rinke,* for plaintiff.

*Davis, Wagner, Heater & Holton,* for defendants.

McAvoy, J.   The Civil Practice Act, section 192, says: " New parties may be added or substituted and parties misjoined may be dropped by order of the court at any stage of the cause, as the ends of justice may require."   This plaintiff has been held to have no capacity to sue, as her appointment as administratrix, in which capacity she maintains the action, was made by a Mexican court, whose government's sovereignty has as yet no recognition here. She has had letters of administration lately granted to her in New York and seeks to amend her summons, complaint and proceedings by dropping her former status and asserting that which she has now acquired under New York law.   The strict wording of the section quoted would permit the court to allow this amendment or supplement to her complaint, and it would seem a purely technical exercise of power and discretion to refuse it.   While each separate administration in various jurisdictions is an independent office, subject to the state which creates it, the representation in the domiciliary state is in a sense the principal authority for collection and distribution of an estate to whom the ancillary officer ought, after satisfying local claims and dues, to transmit the surplus, if any, after administration is complete.   The foreign administrator has but a permissive existence in the courts as a prosecutor of an action; without statute he may not sue or be sued in his representative capacity.   The local administrator, gifted by the courts here with power, has the right of suit and is thus always a proper party for instituting an action.   The court having found that the foreign administrator has no forensic existence here, an analogy ought to be found in the permission of substitution of a deceased party's representative at any stage of the action for the granting of the relief asked here.   I think the analogue is perfect and, finding no statutory bar against allowing the proposed party to come in, purpose to permit it.   The question is really only one of time.   The Mexican plaintiff could discontinue and the New York administrator begin anew without cavil, but I observe no deprivation of right of the defendant because he will not be served again.   It is but theory that he is sued by another plaintiff.   His real suitor is the intestate's estate, and it would seem no concern of his by what representative he is sought out, whether the ancillary or domiciliary.   Serve a complaint, with the New York representative as plaintiff, within ten days hereafter.   Defendant has twenty days to answer.   The cause may then be added to a day calendar on five days' notice after complete joinder.   An order embodying these directions will be signed on notice to defendant.

Ordered accordingly.