May S. Pelzer, as Administratrix of Bernard S. Pelzer, Deceased, Respondent, v. United Dredging Company, Appellant.

First Department, April 7, 1922.

**Pleadings — amendments — order allowing amendment of complaint by substituting administratrix of estate appointed by surrogate of New York county as plaintiff in place of same person as administratrix of same estate appointed by Mexican court and order compelling acceptance of complaint as thus amended improper — Civil Practice Act, § 192, no warrant for such orders.**

An administratrix of an estate appointed by a Mexican court is a separate and distinct official from an administratrix of the same estate later appointed by a surrogate of New York county, although both are one and the same individual, and, hence, where an action has been commenced in a court of this State by the official of the Mexican courts, and the complaint dismissed on the ground that the plaintiff had no legal capacity to sue in our courts, an order directing the service of an amended or supplemental complaint setting up the plaintiff's appointment as administratrix by the surrogate of New York county was improper as was also an order compelling acceptance by the defendant of such amended complaint, as under the guise of an amendment to the complaint an entirely new and different plaintiff was substituted and there was no motion for a substitution and no grounds for one, since the New York administratrix had not succeeded to any of the rights of the original Mexican administratrix.

The orders were not warranted under section 192 of the Civil Practice Act.

Appeal by the defendant, United Dredging Company, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of February, 1922, as grants leave to the plaintiff to serve an amended or supplemental complaint; also from an order of the Supreme Court made at the New York Special Term and entered in said clerk's office on the 23d day of February, 1922, granting plaintiff leave to serve an amended complaint in her capacity as administratrix of the estate of Bernard S. Pelzer, deceased, appointed by the surrogate of the county of New York, and also from an order of the Supreme Court made at the New York Special Term and entered in said clerk's office on the 1st day of March, 1922, compelling the acceptance by the defendant of a certain alleged amended complaint served pursuant to the aforementioned orders.

*Davis, Wagner, Heater & Holton* [*Charles R. Coulter* of counsel; *Arnold L. Davis* with him on the brief], for the appellant.

*Cullom & Rinke* [*Neil P. Cullom* of counsel], for the respondent.

Greenbaum, J.:

All of the appeals involve but one question, to wit, whether May S. Pelzer, as administratrix appointed by the surrogate of

New York county, should have been substituted as plaintiff in place of May S. Pelzer, as administratrix appointed by the Mexican courts, and whether the complaint should be amended accordingly.

The action is based upon a series of promissory notes made by the defendant, a Delaware corporation, to the order of Bernard S. Pelzer, a resident of Mexico City, Mexico.

The plaintiff, who is the widow of the payee of the notes, brought this action in June, 1921, as administratrix of the deceased Bernard S. Pelzer, appointed by the Civil Court of the State of Mexico sitting in the city of Mexico. Prior to the trial of the action, a motion for judgment on the pleadings was made by the defendant upon the ground that the plaintiff as administratrix appointed in Mexico, whose government had not been recognized by our Federal authorities, had no legal capacity to sue in our courts.

Pending the determination of the motion for judgment on the pleadings, an application for letters of administration of the estate of the decedent Pelzer was made to one of the surrogates of New York county and granted, and letters were thereupon issued to May S. Pelzer.

The court granted the motion for judgment and gave leave to plaintiff to serve an amended complaint.

A separate motion, which was thereafter made by plaintiff to permit her to serve an amended or supplemental complaint setting up her subsequent appointment as administratrix in New York county, was also granted.

An amended complaint, accompanied with a check for costs, was served upon defendant's counsel, who promptly returned both the pleading and check to the plaintiff's attorneys on the ground " that the complaint was not an amended or supplemental complaint; that a new party was attempted to be brought into the action; that a different cause of action was attempted to be set forth from that stated in the complaint and that the court was without jurisdiction of the defendant."

The plaintiff thereupon moved to compel acceptance of the service of the amended complaint, which motion was granted.

The learned Special Term justice, who granted the motion, relied on section 192 of the Civil Practice Act, and said that " while each separate administration in various jurisdictions is an independent office, subject to the State which creates it, the representation in the domiciliary State is in a sense the principal authority for collection and distribution of an estate to whom the ancillary officer ought, after satisfying local claims and dues, to transmit the surplus, if any, after administration is complete." (118 Misc. Rep. 210.)

We are of opinion that section 192 of the Civil Practice Act is no warrant for the allowance of the amendment. That section reads: " No action or special proceeding shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added or substituted and parties misjoined may be dropped by order of the court at any stage of the cause as the ends of justice may require."

Under the guise of an amended or supplemental complaint, May S. Pelzer, an original appointee as administratrix by one of the surrogates of New York county under limited letters of administration, issued after this action had been commenced, has been injected in this action as plaintiff in place of May S. Pelzer, administratrix appointed by a Mexican court, seemingly upon the theory that the New York letters were ancillary to the Mexican letters. But the letters granted by the Surrogate's Court are not ancillary to any original letters elsewhere issued. Indeed, if they were ancillary to those granted in Mexico, the Surrogate's Court would have had no authority to issue them, for the same reasons which prompted the dismissal of the complaint in this action. A substitution of parties is only permissible where one has lawfully succeeded to the rights and interests formerly held by another party. But the New York administratrix has not derived any rights from the original Mexican administratrix, and hence must be regarded as an independent official, despite the fact that May S. Pelzer happens to be the same individual who was appointed as administratrix in the unrecognized jurisdiction.

We may also add that there was no motion to substitute the New York administratrix for the Mexican administratrix. The motion was to permit plaintiff to serve an amended complaint where there was nothing to amend. Having denied plaintiff access to our courts, it would be anomalous to entertain her motion to amend her complaint by ousting her from the action and substituting as plaintiff some one else in her stead.

There is no alternative but to reverse the orders appealed from, with ten dollars costs and disbursements, and to deny the motions to permit plaintiff to serve an amended complaint and to compel the defendant to accept service of the amended complaint, with ten dollars costs.

DOWLING, LAUGHLIN, SMITH and MERRELL, JJ., concur.

Orders appealed from reversed, with ten dollars costs and disbursements, and motions to permit plaintiff to serve an amended complaint and to compel defendant to accept service of the amended complaint denied, with ten dollars costs.