### GOLDWYN PICTURES CORPORATION et al. v. HOWELLS SALES CO., Inc., et al.

(District Court, S. D. New York. June 7, 1922. On Motion for Reargument, November 10, 1922.)

1. Equity ⬷116—Substitution of copyright owner for licensee held not to introduce new cause of action.

In suit by licensee for infringement of copyright, substitution of copyright owner, after holding that licensee had no capacity to sue, does not introduce new cause of action.

On Motion for Reargument.

2. Courts ⬷489(4)—Suit within federal court's jurisdiction, though plaintiff does not claim full title to copyright.

Federal court has jurisdiction, when basis for relief claimed by plaintiff is interest in copyright, though not amounting to full title, and it is immaterial whether court thinks he can have any relief.

In Equity. Suit by the Goldwyn Pictures Corporation and another against the Howells Sales Company, Inc., and others. On motions for substitution of plaintiff and to dismiss bill. Motion for substitution granted, and motion to dismiss denied.

Orders reversed 287 Fed. 100.

Neal D. Becker, of New York City, for plaintiff.

Charles H. Tuttle and Carl E. Peterson, both of New York City, for defendants.

LEARNED HAND, District Judge. It is always somewhat difficult to know just what changes in a pleading or in parties create a new "cause of action." Courts differ very materially, but in such matters, even at law (and this is in equity), we follow our own interpreta-

tion of Rev. St. § 954 (Comp. St. § 1591). Salyer v. Consolidation Coal Co., 246 Fed. 794, 796, 159 C. C. A. 96. Therefore cases like Davis v. Mayor, etc., of City of New York, 14 N. Y. 506, 67 Am. Dec. 186, and Doyle v. Carney, 190 N. Y. 386, 83 N. E. 37, would not even be in point if this were an action at law. Shields v. Barrow, 17 How, 130, 15 L. Ed. 158, is, of course, not in point, the whole theory of the suit was changed. The same is true of Huntt v. McNamee, 141 Fed. 293, 72 C. C. A. 441, and Lyon v. McKeefrey, 171 Fed. 384, 96 C. C. A. 340.

[1] The question at bar is simply this: Whether, when it has been held that the plaintiff, as licensee, has no capacity to sue, a new plaintiff, the copyright owner, may be substituted in his place. There is no change in the "cause of action," unless this be it; the same facts stand as the ground for relief, except in so far as it is necessary to show the new plaintiff's capacity to sue, and the same relief is asked. I can see no reason for forcing upon Stephens the purely formal and vexatious obstacle of starting a new suit. When precedents permit, the law should rid itself of obstructive requirements, which involve no substantial interest and only serve as hurdles in the path of parties who have suffered wrong.

While there is no such exact case, I believe that the precedents allow this change. Thus in Mo., Kan. & Tex. Ry. v. Wulf, 226 U. S. 578, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134, an amendment was approved, substituting for the beneficiary under the federal Employers' Liability Act the administrator, who alone could sue. In St. Louis, etc., Ry. v. Herr, 193 Fed. 950, 113 C. C. A. 578, the Circuit Court of Appeals for the Fifth Circuit said that the converse amendment would be permissible, substituting the individual for the administrator. This was indeed a dictum, but in Hannum v. Jerome (C. C.) 184 Fed. 179, Judge Ray so ruled as to the substitution of a defendant. It is true that in Lusk's Adm'rs v. Kimball (C. C.) 87 Fed. 545, Judge Paul refused to allow the substitution of an ancillary administrator for a foreign administrator as plaintiff, but recently Judge Morton did exactly that in Gould v. Suburban, etc., Co. (D. C.) 243 Fed. 930. In State of Nebraska v. Hayden (C. C.) 89 Fed. 46, the state of Nebraska was substituted as party plaintiff in place of the state treasurer on suggestion of a defect of party plaintiff. The substitution of the federal "agent" in liquidation of a national bank for a receiver was treated as an instance of successorship in McConville v. Gilmour, 36 Fed. 277, 1 L. R. A. 498, though it can hardly be thought to fall strictly within that rule. Perhaps Salyer v. Consol. Coal Co., supra, should be put under the rule as to successorship, but some of the language is apposite.

The case at bar appears to me in essence the same as these. It is true that here we have a new individual coming in as plaintiff; it is not of the same individual in different capacities. However, the law has always treated an administrator as a separate "persona" from the individual who holds the office, and an ancillary administrator also as a separate person. Indeed, Doyle v. Carney, supra, turned upon that very point. Therefore we should not be misled by the irrelevant cir-

cumstance that in many of these cases the individual chanced to be the same. The important thing is that a single plaintiff, not having capacity to sue, was struck out, and in his place was put a new party, who had. That is all that is asked here.

Motions granted.

On Motion for Reargument.

Charles E. Kelley, of New York City, for plaintiffs.
Charles H. Tuttle, of New York City, for defendants.

LEARNED HAND, District Judge. [2] The theory of the reargument is that the court has no jurisdiction over a cause where the plaintiff presents as the basis for his relief an interest in a copyright less than full title. This involves the premise that the grant of power in the Constitution and the statutes was only to consider titles to copyrights. There is no such implied limitation. When a plaintiff says that his interest in a copyright is sufficient to justify some relief, he is asking the court to act on the copyright. It makes no difference that the court thinks he can have no relief; the subject of its decision is the copyright, though the plaintiff do not own it. Were it not so, the decree of the court would not constitute an estoppel, and the plaintiff might sue in another district, an absurd result.

The analogy of diverse citizenship before section 274c, Judicial Code (Comp. St. § 1251c), is not sound. There the court's jurisdiction is founded on diversity and when the complaint does not contain the proper allegations the action is not within the grant of power. Jurisdiction is a formal matter, and depends upon how the grant is worded. When there are no conditions in the grant, the court has jurisdiction to determine all the conditions of its jurisdiction, once a claim is made of that kind of subject-matter.

The cases already cited go much further than is necessary here, where the amendment was merely to bring in the other outstanding interests in the copyright. It seems hardly necessary to add that Pelzer v. United Dredging Co., 200 App. Div. 646, 193 N. Y. Supp. 676, cannot be in point touching the proper practice in a federal suit in equity.

Reargument denied. Motion to dismiss bill denied.