# KING v. EDWARD B. MARKS MUSIC CORPORATION.

District Court, S. D. New York.
June 30, 1944.

Hays, St. John, Abramson & Schulman, of New York City (John Schulman and William Klein II, both of New York City, of counsel), for plaintiff.

Julius Henry Cohen, of New York City (Arthur E. Garmaize, of New York City, of counsel), for defendant.

LEIBELL, District Judge.

Plaintiff, King, is a resident of Honolulu and a citizen of the Territory of Hawaii and of the United States. He is well known as a composer and publisher of Hawaiian music. The defendant, Marks Music Corporation, a New York corporation, is an old established publisher of musical compositions, with its principal office in the County of New York.

In May 1943 plaintiff, King, brought suit in this court against defendant, Marks Music Corporation, charging in three separate claims the infringement by defendant of plaintiff's copyright of three musical compositions. The first claim, or cause of action, relates to plaintiff's musical composition "Imi Au Ia Oe" (King's Serenade) of which the copyright was registered July 22, 1915, and renewed September 15, 1942. The second claim is based on the copyright to another musical composition of the same name (for Ukulele and Guitar Accomp.), registered September 6, 1933. The third claim charges infringement of plaintiff's copyright of a musical composition entitled "Na Lei O Hawaii" (Song of the Islands) registered under the Copyright Law in the name of Bergstrom Music Co. May 11, 1915. That copyright was assigned to King, the composer, on April 27, 1917, and on May 18, 1942, he filed a renewal of the copyright.

The complaint alleges in each claim (Paragraphs 13th, 24th and 37th) that plaintiff on January 6, 1943, gave notice to the defendant to "cease further sale, distribution, publication, performance and mechanical reproduction of plaintiff's said musical compositions." A copy of the notice (Ex. D) is annexed to the complaint and reads as follows:

"January 6, 1943
"Edward B. Marks Music Co. Inc.,
"R.C.A. Building
"New York City
"Gentlemen:

"Please be advised that by reason of your failure and refusal to perform the terms of the contract between us dated July 22, 1942, I hereby elect to terminate the agreement and your agency thereunder.

"Consequently, I shall expect that no further transactions will be had by you in respect of the compositions referred to in the agreement; also, that within ten days you will account for and pay me all amounts due.

"Very truly yours,

"Charles E. King
"Hotel Taft
"New York City"

The complaint does not correctly paraphrase the notice. But this is not the ordinary infringement case. In effect Exhibit D is a notice of the termination by plaintiff of a contract between plaintiff and defendant, under which the defendant (according to plaintiff's contentions) was some sort of an agent for plaintiff in respect to these musical compositions. The notice tells defendant to have "no further transactions * * * in respect of the compositions referred to in the agreement" (of which no mention is made in the complaint), and it asks that defendant within ten days account for and pay plaintiff all amounts due—presumably under the agreement.

The complaint further alleges that defendant has refused to comply with the notice and has "continued and is still continuing and threatens to continue the wrongful acts, and will continue the same in violation of plaintiff's rights and to his great damage, unless restrained by order and injunction of this Court." If a licensee fails to pay royalties due his licensor, the owner of the copyright, the latter may terminate the license and sue his former licensee as an infringer, for any publication of the copyrighted work after the cancellation of the license. See, DeMille Co. v. Casey, 121 Misc. 78, at page 86, 201 N.Y.S. 20, at page 22.

The prayer for relief asks for an injunction, for damages and for an accounting of profits under § 25 of the Copyright Law, 17 U.S.C.A. § 25, and for an order directing defendant to deliver up for destruction "all

the aforesaid infringing copies and devices, as well as all plates, molds and matrices."

The defendant answered, setting up denials and defenses and pleading a counterclaim which asserted that defendant, by reason of agreements between plaintiff and defendant, dated November 15, 1928, and March 1, 1933, with amendments, and another dated July 22, 1942, acquired all plaintiff's rights in the copyrights and in their renewals. The counterclaim charged that plaintiff breached these agreements and assigned to and licensed others to exercise the performing rights theretofore conveyed to the defendant by said three agreements.

To that counterclaim plaintiff replied that plaintiff became a composer and author member of ASCAP (American Society of Composers, Authors and Publishers) November 28, 1939, and became a publisher member, December 20, 1941, and as such had assigned to ASCAP the non-dramatic public performance rights to the musical compositions in suit, and that the defendant had knowledge of the assignment to ASCAP when plaintiff and defendant entered into the agreement of July 22, 1942. Plaintiff pleaded in its reply that two other agreements between plaintiff and defendant, dated February 25, 1933, and November 15, 1935, which referred to "performance rights" had expired by the end of December 1940, and asserted as a further defense to the counterclaim that plaintiff had cancelled the agreement of July 22, 1942, because defendant had repudiated its obligations thereunder.

Thus the pleadings stood (the complaint, the answer with its counterclaim and the reply) and the parties proceeded to examine each other before trial, and to take the deposition of witnesses, including officers of ASCAP. Defendant claims that as a result of the examinations it has discovered certain facts which make it advisable for defendant to amend its answer by setting forth a further counterclaim against the plaintiff and ASCAP, and that in order to have complete relief in the determination of that counterclaim defendant should be permitted to bring in ASCAP as a third party defendant. Accordingly defendant has made this motion.

The defendant's notice of motion asks— " * * * pursuant to Rules 13(h), 14 and other rules of the Rules of Civil Procedure, for leave to make American Society of Composers, Authors and Publishers (AS-CAP) a party to this action and that there be served upon ASCAP a summons and third party complaint as set forth in the third party complaint (and defense and counterclaim) annexed hereto, and for leave to serve the same as a sixth defense and second counterclaim upon the plaintiff on the ground that all parties claiming an interest in the subject matter may be brought in and all issues between such parties may be fully litigated and on the further ground that recent examinations before trial of ASCAP have disclosed the nature and extent of ASCAP's claims in the subject matter and that it is or may be liable to the defendant for all or part of the claim set forth in the third party complaint, * * * "

Plaintiff argues that the defendant is not entitled to the relief requested because neither of the above rules applies. I am satisfied that Rule 14, 28 U.S.C.A. following section 723c, relating to "third-party practice" does not apply. Under that rule a defendant may apply "for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him." Clearly that is not the purpose of defendant's motion. It is not contended that ASCAP is or may be liable for any part of the plaintiff's claim for copyright infringement asserted against the defendant.

Rule 13(h), Federal Rules of Civil Procedure reads as follows:

"(h) Additional Parties May Be Brought in. When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action."

Several questions must be answered in determining whether or not defendant's motion should be granted under Rule 13(h). First is the presence of ASCAP required for the granting of complete relief on defendant's new counterclaim. Paragraphs 29, 30 and 32 of the new counterclaim and paragraphs (b) and (c) of defendant's prayer for relief based thereon aid us in answering that question. Paragraphs 29, 30 and 32 are as follows:

"29. Notwithstanding the prior vesting as herein set forth in Edward B. Marks Music Corporation of the performance rights in the musical compositions named herein the plaintiff by a letter dated November 6, 1942 written before the termination dates of the aforesaid agreements of November 15, 1928 and May 1, 1933 authorized ASCAP to license the performance rights of the three musical compositions named herein in violation of the rights of Edward B. Marks Music Corporation."

"30. Notwithstanding the prior assignment executed by the plaintiff on July 22, 1942 mentioned in paragraph '26' herein to Edward B. Marks Music Corporation of all of the rights embraced within the copyrights including the performance rights of the musical compositions named herein the plaintiff Charles E. King by a letter dated November 6, 1942 written before the termination date of the assignment of July 22, 1942 authorized ASCAP to license the performance rights of the three musical compositions named herein in violation of the copyrights beneficially owned by Edward B. Marks Music Corporation in the three compositions named herein."

"32. American Society of Composers, Authors and Publishers (ASCAP) authorized the performance and issued licenses for the performance of the three musical compositions named herein in violation of the copyrights in them beneficially owned by Edward B. Marks Music Corporation."

The following paragraphs are quoted from defendant's prayer for relief based on the aforesaid counterclaim:

"(b) That Edward B. Marks Music Corporation have judgment on its counterclaim and third party complaint declaring that it is the beneficial owner of all the rights in the copyrights and of all the rights in the renewal copyrights in the musical compositions set forth in the complaint and for the damages sustained by the Edward B. Marks Music Corporation and the profits gained therefrom by plaintiff and American Society of Composers, Authors and Publishers (ASCAP);"

"(c) That the plaintiff and the third party defendant and all persons acting under his or its direction, control, permission or license including all officers, servants, representatives and licensees of ASCAP and each of them be restrained by injunction from exercising any of the rights embraced within the said copyrights or renewal copyrights;"

It thus appears that part of the relief sought by the defendant Marks is a declaratory judgment of its rights in and to the copyrights in suit. The presence of ASCAP, plaintiff's alleged assignee of certain performance rights in the copyrighted compositions, is required for the granting of complete relief on defendant's counterclaim.

■ Can jurisdiction of ASCAP be obtained? The principal office of ASCAP is located in New York County. Paragraph 2 of the defendant's said counterclaim reads as follows:

"2. American Society of Composers, Authors and Publishers, hereinafter briefly designated ASCAP, is an unincorporated association of writers, composers and publishers of musical compositions organized for the purpose of granting licenses and collecting royalties for the public performance of the musical compositions óf its members and maintains its principal office where its officers transact the business of the society at 1270 Sixth Avenue, in the Borough of Manhattan, City, State and Southern District of New York."

ASCAP can be reached by process óf this Court within this Southern District and the venue would be proper.

■ Will the joinder of ASCAP deprive this Court of jurisdiction of the action? I believe that the asserted counterclaim may properly be classified as a compulsory counterclaim. Thierfeld v. Postman's Fifth Avenue Corporation, D.C., 37 F.Supp. 958.

Rule 13(a), Federal Rules of Civil Procedure, provides:

"(a) Compulsory counterclaims. A pleading shall state as a counterclaim any claim, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

The subject matter of each of plaintiff's claims is the alleged infringement of a copyrighted composition. Federal jurisdiction over these claims is conferred by § 34 of the United States Copyright Law, 17 U. S.C.A. § 34. Whether or not defendant's

acts constituted an infringement is firmly linked to the question of defendant's rights under the agreements. If the rights assigned to defendant cover the performances claimed to have infringed the copyright, then plaintiff's suit fails and both plaintiff and plaintiff's assignee, ASCAP, should be enjoined and required to account. This counterclaim seems to me to meet every test of the Rule. It arises out of the transaction or occurrence that is the subject matter of plaintiff's claim. See cases cited in Moore's Federal Practice, Vol. 1, pages 682 to 691. It is "essentially auxiliary or ancillary" to plaintiff's action. Carter Oil Co. v. Wood, D.C., 30 F.Supp. 875, at page 877, discusses this point.

The fact that defendant, Marks Publishing Corporation and ASCAP are both domiciled in New York State would not deprive this court of jurisdiction, for still another reason. Under § 34 of the Copyright Law, 17 U.S.C.A. § 34, the Federal Courts have jurisdiction to determine title to a copyright in a musical composition and to decide a suit involving the copyright, although the person asserting the claim has "an interest in a copyright less than full title." "When a plaintiff says that his interest in a copyright is sufficient to justify some relief, he is asking the court to act on the copyright. It makes no difference that the court thinks he can have no relief; the subject of its decision is the copyright, though the plaintiffs do not own it." Goldwyn Pictures Corp. v. Howells Sales Co., D.C., 292 F. 458, 460. The above quotation applies to the defendant Marks Music Corporation's interest in the copyrights in suit. This Court has jurisdiction of the subject matter of the defendant's claim. The jurisdiction does not depend on diversity of citizenship and exists despite the lack of diversity. ASCAP may properly be joined as a party for the determination of defendant's claim to the copyrights.

Plaintiff argues that the Court should deny the defendant's application because it was not timely made and further because it will delay the trial of the action. There is no merit to either contention. This suit has been pending about a year. The examinations of the parties and the depositions of witnesses were completed only a few months ago. The case has been set for trial for October 23rd. Finally, the Court in granting the motion will avoid circuity of action and afford complete relief,

adjudicating the rights of all the parties to the copyrighted compositions in a single trial of the issues.

Settle order on two days' notice.